■ HOTEL NEW YORKER PHARMACY, INC., Appellant, v. NEW YORKER HOTEL CORP. et al., Respondents.— Order, Supreme Court, New York County, entered on September 11, 1972, denying plaintiff's motion for consolidation or alternate relief, reversed, on the law, the facts and in the exercise of discretion, and motion to consolidate the summary proceeding pending in the Civil Court with this action granted. Appellant shall recover of respondents $40 costs and disbursements of this appeal. In the answer of the defendants herein defendant, Polyclinic, counterclaimed for nonpayment of rent for the period beginning May, 1972. Five months after plaintiff ceased paying rent and three months after it instituted this action, Polyclinic commenced a nonpayment summary proceeding in the Civil Court seeking relief similar to that sought by it in its counterclaim in this action. Hence, common questions of law and fact are raised in both proceedings. In addition to the fact that plaintiff's former landlord, a defendant herein, is not a party to the summary proceeding, it is far more significant to observe that, in this action, plaintiff seeks injunctive relief prohibiting defendants from allegedly further interfering with its pharmacy business and its rights under the lease between the parties. Plaintiff cannot obtain such affirmative equitable relief in the Civil Court (Rasch, New York Landlord & Tenant, 2d ed., § 1238; CCA, § 209, subd. [b]). In this respect this case differs from *Lun Far Co.* v. *Aylesbury Assoc.*, (40 A D 2d 794) recently decided by this court, wherein this court stated as follows: "*Unless* it clearly appears that *relief sought is unavailable* in the summary proceeding, its prosecution should not be stayed." (Italics added.) In the case at bar it clearly appears that the Civil Court does not have jurisdiction to decide all the issues here involved. The injunction which is sought by the plaintiff in the Supreme Court action is unavailable to it in the Civil Court because that court has no power to issue same. Concur — Nunez, J. P., Murphy and Capozzoli, JJ.; McNally and Steuer, JJ., dissent in the following memorandum by McNally, J.: I dissent and vote to affirm the order denying consolidation of the summary proceeding with the action for an injunction. Plaintiff-appellant (tenant) occupies a store in a building formerly owned by defendant-respondent, the New Yorker Hotel Corp. (New Yorker) which building was sold to defendant-respondent, French and Polyclinic Medical School and Health Center, Inc. (landlord). Plaintiff's action is for damages for interference with its business and to enjoin defendant from interfering with plaintiff's business and from discontinuing its hotel. Landlord has commenced a summary proceeding for nonpayment of rent to recover the sum of $11,666.68 representing monthly rent due on the first day of each month in the sum of $2,916.67 for the months of May, June, July and August 1972. On April 21, 1972 tenant was indebted to New Yorker in the sum of $2,916.67 representing rent for the month of April, 1972 and on that date was indebted to New Yorker for additional rent in accordance with the lease agreement in the sum of $3,793.56 covering the period January 1, 1969 to December 31, 1969. Tenant was also in default of provisions of the lease with reference to reconstruction and modernization and had also failed and refused to make available to New Yorker its books and records as required under the lease agreement. The building had on the date of execution of the lease a main entrance directly to the lobby from Eighth

Avenue and two side entrances, one from West 34th Street and one from West 35th Street indirectly leading to the lobby. Tenant's demised premises has its own entrance from the sidewalk on Eighth Avenue and an entrance from the lobby of the building to the demised premises. Tenant's own entrance to its premises has never been blocked or interfered with. The entrances on West 34th Street and West 35th Street have been closed for security reasons by landlord and the main entrance to the lobby from Eighth Avenue has never been closed, locked or otherwise obstructed. It has been uniformly held that where the trial of an action is imminent as in the case of the Civil Court nonpayment summary proceeding the motion for consolidation should be denied. (*New York Yellow Cab Co. Sales Agency* v. *Courtlandt Garage,* 208 App. Div. ·765.) The case can be tried immediately in the Civil Court. The order appealed from prevents prejudice to landlord's rights and does not prejudice the rights of the tenant. The ends of justice are always promoted by the speedy trial of an action. (*Slavin* v. *Whispell,* 5 A D 2d 296; *Mills* v. *Sparrow,* 131 App. Div. 241.)