OPINION of the court

Per Curiam.

Order entered March 11, 1982, reversed, with $10 costs, and motion to punish appellant Consolidated Edison Company of New York, Inc., for contempt denied.
The Civil Court’s power to issue injunctions is limited by statute (CCA 209, subd [b]; 110, subd [a], par [4]; see Hotel New Yorker Pharmacy v New Yorker Hotel Corp., 40 AD2d 967). The generalized power to enforce by injunction landlords’ compliance with “state arid local laws for the establishment and maintenance of housing standards” (CCA *241 110, subd [a]) does not, without a more specific grant of authority, include the power to enjoin a utility from terminating its services to a multiple dwelling where the owner has failed to pay its bills (Gorelick v Joyner, NYLJ, Nov. 26, 1976, p 7, col 4; S. & D. Thrift Stores v Consolidated Edison, NYLJ, Sept. 6, 1979, p 7, col 1). Nothing in the legislative history of CCA 110 suggests that the Civil Court is authorized to grant affirmative equitable relief against utilities in connection with that court’s jurisdiction over landlord-tenant disputes and the preservation of the housing stock. It is also noted that section 33 of the Public Service Law and regulations adopted thereunder (e.g., 16 NYCRR 143.7) establish a procedure to be followed where discontinuance of residential utility service to entire multiple dwellings is threatened, and the Public Service Commission may move against a utility in Supreme Court in instances where its regulations have been violated (Public Service Law, § 26).
Since the Civil Court had no authority to make the order restraining appellant from terminating utility services to the subject premises, there is no power to punish appellant for a disobedience of that order. Violation of an order void for lack of jurisdiction is not punishable as contempt (21 NY Jur 2d, Contempt, § 28; Matter ofDeCaro, 263 App Div 839).
Dudley, P. J., Sullivan and Sandifer, JJ., concur.