*936 OPINION OF THE COURT
Memorandum.
Order affirmed, without costs.
The issue presented on this appeal is whether the Civil Court may entertain a proceeding brought by a landlord seeking injunctive relief only.
Landlord commenced this proceeding by order to show cause and petition seeking an order directing tenant to provide landlord with access to the premises for the purpose of correcting violations and further directing tenant to prevent the recurrence of these violations. The petition alleged that tenant had installed a double cylinder key-operated lock in the apartment door in violation of the applicable provisions of the Administrative Code of the City of New York and the Multiple Dwelling Law, that as a result three violations had been placed against the premises, that landlord had caused the violations to be removed, that tenant had thereafter reinstalled the double cylinder lock, and that as a result three new violations had been placed. The petition further alleged that tenant had installed plywood boards in the fire escape windows in violation of the applicable provisions of the Administrative Code and the Multiple Dwelling Law but that no violations had yet been placed as a result of such installation. The petition named the Department of Housing Preservation and Development (DHPD) and tenant as respondents.
On the return date, the lower court ruled that it lacked jurisdiction to issue the order sought by landlord in the absence of a prior court order directing landlord to correct the violations. The court stated that landlord’s remedy was to commence a holdover proceeding.
On this appeal, landlord argues that the Civil Court has jurisdiction pursuant to the New York City Civil Court Act and the Administrative Code provisions examined below to grant the relief sought and that the granting of such relief, which is a less harsh remedy than eviction, should be preferred over requiring landlord to commence a holdover proceeding.
DHPD has submitted a brief in opposition which contends that there is no statutory authority permitting an owner to seek injunctive relief absent a pending proceeding and that the equity powers of the Civil Court are limited to those specifically conferred by statute.
*937 For the reasons set forth below, we hold that the Civil Court lacks the power to entertain the subject proceeding.
The power of the Civil Court to issue injunctions is limited by CCA 209 (b) (see, Hotel New Yorker Pharmacy v New Yorker Hotel Corp., 40 AD2d 967; Ford v Tower W. Assocs., 120 Misc 2d 240). This provision states that no injunction shall issue out of the Civil Court except pursuant to certain specified statutes. The only one of the specified provisions relevant to this proceeding is article 53 of the Administrative Code of the City of New York (Housing Maintenance Code) which has been renumbered and now appears as title 27, chapter 2, subchapter 5, article 4 of the Administrative Code (Administrative Code § 27-2120 et seq.).
Subchapter 5 sets forth the legal remedies and enforcement procedures which are available for a breach of the substantive provisions of the code. Article 4 therein, the old article 53, is entitled "Injunctive Relief’ and provides in pertinent part as follows:
"ARTICLE 4
"INJUNCTIVE RELIEF
"§ 27-2120 Injunctions; mandatory and prohibitory. The department may institute an action in a court of competent jurisdiction for an order requiring the owner of property or other responsible person to abate or correct any violation of this code, or to comply with an order or notice of the department, or for such other relief as may be appropriate to secure continuing compliance with this code. An action for injunctive relief hereunder may be brought in addition to other sanctions and remedies for violations of the code, or may be joined with any action for such other sanctions and remedies except criminal prosecution.
"§ 27-2121 Injunctive relief in other actions; powers of the court. In any action or proceeding brought in the housing part of the New York city civil court, the court, on motion of any party or on its own motion, may issue such preliminary, temporary or final orders requiring the owner of property or other responsible person to abate or correct violations of this code, or to comply with an order or notice of the department, or to take such other steps as the court may deem necessary to assure continuing compliance with the requirements of this code, including direction of correction of violations of this code *938 by a contractor, materialman or municipal department and payment of rent or release of funds deposited with the court in an appropriate amount to (i) such contractor or material-man upon the proper presentation of bills for the correction of such conditions or (ii) such municipal department.” (Administrative Code §§ 27-2120, 27-2121.)
It is clear from a reading of Administrative Code § 27-2120 that DHPD may commence an action for injunctive relief and it would follow pursuant to CCA 209 (b) that the Civil Court would have jurisdiction over such an action. At issue in the instant case is whether these provisions authorize a landlord to commence such an action or proceeding. Resolution of this issue must turn on the interpretation of Administrative Code § 27-2121.
As we read it, Administrative Code § 27-2121 authorizes the court, only in a pending action or proceeding, to grant a motion for injunctive relief. By its terms, it does not authorize, and nothing is shown to make it appear that it was intended to authorize, the institution of an action or special proceeding for an injunction. The distinction is critical. As was long ago stated in Matter of Lima & Honeoye Falls Ry. Co. (68 Hun 252, 253) with respect to the difference between a motion and a special proceeding: "a motion is an application in a proceeding — by action or otherwise — already pending or about to be commenced, upon which it depends for jurisdiction; whereas a special proceeding is an independent prosecution of a remedy, in which jurisdiction is obtained by original process.” Because we read Administrative Code § 27-2121 as authorizing only the granting by the court of a motion and not the institution of an action or proceeding for injunctive relief, we hold that the Civil Court is without jurisdiction over such a proceeding by a landlord (CCA 209 [b]). Insofar as the Civil Court opinion in Rosenthal v Heifer (136 Misc 2d 9) may hold to the contrary, we choose not to follow it.
We further note that we find not only the jurisdiction of the Civil Court to be lacking but also the right of the landlord to maintain the subject proceeding to be lacking. In this regard, we note that CPLR 103 (b) requires that "[a]ll civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized.” For the reasons discussed above, we find no *939 statute authorizing landlord to proceed by way of special proceeding. For this reason too, therefore, it appears to us that landlord’s attempt to create a summary remedy where none has been established by statute must fail.
Monteleone, J. P., Pizzuto and Williams, JJ., concur.