OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed with $30 costs and a new trial ordered.
*343 Reversal is required in view of numerous errors, including the District Court’s improper refusal to issue a subpoena for the building inspector (Matter of Coney Is. Dairy Prods. Corp. v Baldwin, 243 App Div 178), whose testimony as to the presence of violations would not have been merely cumulative; the court’s refusal to admit into evidence photographs taken by tenants, because they were taken before the period for which rent was sought, despite tenant’s testimony that these photographs showed the conditions in the apartment as they continued to exist (Moore v Leaseway Transp. Corp., 49 NY2d 720, 723); the court’s refusal to admit tenants’ photographs of conditions in the common areas (Forest Hills No. 1 Co. v Schimmel, 110 Misc 2d 429); and the court’s failure to award an abatement, despite its acknowledgment of the “deplorable conditions” in the apartment, on the ground that the court, in a prior proceeding, had returned $600 to tenants with the suggestion or direction that tenants use this money to make repairs. With respect to the last ground, we note that landlords could not be relieved of their responsibility under Real Property Law § 235-b to make repairs and, in any event, there was no proof that $600 was sufficient to correct the conditions. Moreover, the District Court does not have injunctive power except in limited circumstances not here applicable (UDCA 209 [b]; cf., North Waterside Redevelopment Co. v Febbraro, 256 AD2d 261, 262; Hotel New Yorker Pharm. v New Yorker Hotel Corp., 40 AD2d 967), and its jurisdiction in the previous proceeding was limited to the granting of an abatement (Ford v Tower W. Assoc., 120 Misc 2d 240 [Civil Court’s injunctive order void for lack of jurisdiction]).
Floyd, P.J., Doyle and Winick, JJ., concur.