*31 OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs, orders dated April 25, 2002 vacated and defendant’s motions to dismiss the actions granted.
Plaintiffs initially commenced the present litigation as two small claims actions seeking $3,000, each representing “monies arising out of defective services rendered.” Motions to dismiss the actions were denied, by orders dated April 25, 2002, and, subsequently, the actions were consolidated and transferred to the Civil Court day part. Defendant City of New York failed to appear for trial, and a “decision and judgment” was entered upon its default, from which the City appealed.
Although the judgment was entered upon the appellant’s default at trial, appellate review of the orders dated April 25, 2002 is not precluded since the appellant may obtain review of matters which were the subject of contest below. We hold that the motions to dismiss the actions should have been granted.
The proper form and forum for the relief that plaintiffs actually seek — a determination that the Department of Health of the City of New York acted unlawfully in ordering, and billing plaintiffs for, a cleanup of their property that had been declared a nuisance, and on that basis to discharge the City’s lien, is a special proceeding in the Supreme Court (see CPLR 7803 [3]). It is this reality and essence of the action, not the name the parties (or in this case, the court) give it, that is determinative of its nature (see Civil Serv. Empls. Assn, v County of Nassau, 264 AD2d 798 [1999]). It is notable that the court below specifically held that plaintiffs had not received proper notice of the cleanup and ruled the City’s action in cleaning the lot and imposing the lien for the cost of cleanup a “nullity” (2002 NY Slip Op 50514[U], *7 [2002]). This is the very subject matter that is properly addressed in a CPLR article 78 proceeding.
It must be made clear in this regard that, contrary to the opinion of the court below, CCA 203 does not provide a private right of action under the facts herein based on the theory, articulated by the court below, that if the City may use the section to institute enforcement proceedings, a homeowner may use it offensively to forestall or stop such proceedings. There is no indication that there was any legislative intent to confer a private right of action against a government agency through CCA 203; on the contrary, CPLR article 78 was enacted for this *32 purpose (see Siegel, NY Prac § 557, at 916-917 [3d ed]). In fact, it has been noted of the CCA 203 subdivisions at issue:
“The actions of which the court is given jurisdiction by this section are for the most part equity actions, and all involve real property . . . [T]he legislature opted to impose the monetary limit [of $25,000] even on realty actions in the civil court, and the first 10 subdivisions reflect it. . .
“The remaining subdivisions are conferrals, or perhaps just confirmations of conferrals, of the real property jurisdiction needed for the implementation of § 110 of the act, the section that establishes the unique housing part for the civil court. . . Subdivisions (k) through (n) were added in 1972; (o) and (p) in 1973 and 1974. They are part of the legislative program transferring to the civil court enforcement proceedings connected with housing in New York City.
“Subdivision (k), which begins the list of housing actions and which started out by referring to specific housing laws, was amended in 1977 to make a generic rather than specific reference to them, so that all actions brought under ‘housing’ laws would be deemed to be within the court’s jurisdiction. Contemporaneous amendments of the ensuing subdivisions enabled them to use subdivision (k)’s description as an antecedent, picking up the whole category with a mere cross-reference instead of enumerating the intended classes afresh” (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 203).
This, and not any desire to confer a private right of action by citizens against government enforcement agencies, explains the generic language employed in CCA 203. The Civil Court is a court of limited jurisdiction, possessing only that subject matter jurisdiction provided by law (see NY Const, art VI, § 15), and a plain reading of these subdivisions demonstrates that they do not confer a private right of action against the City or its agencies on the facts herein.
Golia, J.P, Rios and Belen, JJ., concur.