OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed without costs and provision directing nonparty appellant City of New York Department of Buildings to appear for a hearing vacated.
Plaintiffs Charles and Marlene Washington and plaintiff Bisi George, who were cited and fined $350 and $100 respectively by the City of New York Department of Buildings Environmental Control Board for failure to have proper certificates of occupancy for their homes, commenced two separate actions against defendant Giovanni Culotta, a developer, for breach of contract, citing Culotta5s alleged failure to obtain certificates of occupancy for their respective homes as required by the contracts of sale. The respective plaintiffs moved for summary judgment, which motion was granted in each case as to liability only. The matters were set down for trial on the issue of damages, and were consolidated for this purpose.
*20 Trial was held on June 13, 2005 at which time, according to the court’s decision and order, defendant Culotta conceded that he had not provided the required certificates of occupancy. The court below stated that it was unable to determine damages as these were “too speculative,” but opined that the New York City Department of Buildings could and should be made to redress the harm to plaintiffs and to others arising from the failure of builders to obtain proper certificates of occupancy. The court ordered the nonparty City of New York Department of Buildings to appear before it for a hearing with respect to the following issues:
“1. Why the Buildings Department should not be enjoined from issuing any further violations or vacate orders to these plaintiffs until a final Certificate of Occupancy is issued?
“2. Why the Buildings Department has failed to seek civil remedies under the NYC AC [New York City Administrative Code] against defendant for his failure to obtain final Certificates of Occupancy and for his participation in placing the plaintiffs in occupancy of an illegal premises?
“3. Why the Buildings Department should not temporarily revoke all outstanding permits to Culotta and any entity in which he is a principal or officer?
“4. Why the Buildings Department should not conduct a search of its files and invoke civil penalties against Culotta on all projects in which he is involved which lack final Certificates of Occupancy?”
The court held that it had the authority to take this step based upon New York City Civil Court Act §§ 110 and 203, reasoning that because the Department of Buildings could invoke the Civil Court’s jurisdiction as conferred therein to have violations imposed and to collect penalties against property owners, property owners should have a like right, pursuant to these provisions, to seek injunctive relief, whether in the nature of prohibition or mandamus, against the Department of Buildings, in the Civil Court. The court further found that plaintiffs “have standing to seek to enjoin the Buildings Department from issuing such an order [to vacate the premises] against them.” By order dated September 21, 2005, leave to appeal from the foregoing sua sponte order was granted.
*21 The Civil Court was without subject matter jurisdiction to order the Department of Buildings to appear and to grant the proposed relief (CCA 110 [d]; 209 [b]; see North Waterside Redevelopment Co. v Febbraro, 256 AD2d 261 [1998]). The Civil Court is a court of limited jurisdiction, possessing only that subject matter jurisdiction provided by law (see NY Const, art VI, § 15). The limited injunctive and restraining authority of the Civil Court does not extend to the relief in question, which relief was not directed toward the enforcement of housing standards but toward compelling the issuance of final certificates of occupancy (CCA 203 [o]). Contrary to the expressed opinion of the court below, CCA 110 and 203 do not confer jurisdiction upon the Civil Court to award the injunctive relief sought, whether in the nature of mandamus or prohibition, based on the theory that if the City or a city agency may use these sections to institute enforcement proceedings against homeowners, a homeowner (or for that matter the court) may use them offensively to forestall or stop enforcement action by the City (see O’Neil v City of New York, 10 Misc 3d 30 [App Term, 2d & 11th Jud Dists 2005]; cf. Double A Prop. Assoc. v Spears, 144 Misc 2d 935 [App Term, 2d & 11th Jud Dists 1989]; Housing & Dev. Admin. of City of N.Y. v Community Hous. Improvement Program, 90 Misc 2d 813 [App Term, 2d & 11th Jud Dists 1977], affd 59 AD2d 773 [1977]), or to otherwise compel the exercise of discretion on the part of a city agency, for instance, to issue a certificate of occupancy for a dwelling (see Matter of Garrison Protective Servs. v Office of Comptroller of City of N.Y., 92 NY2d 732, 736 [1999]). The purpose of CCA 110 and subdivisions (k) through (o) of CCA 203 was to create a Housing Part in the Civil Court and to consolidate all of the necessary powers to enforce specific housing laws and collect penalties for their violation in the Civil Court, not to provide the court with general equity jurisdiction (see O’Neil v City of New York, 10 Misc 3d 30 [2005], supra).
Pesce, EJ., Weston Patterson and Golia, JJ., concur.