Aliksanyan v Verizon (2021 NY Slip Op 50640(U))

[*1]

Aliksanyan v Verizon

2021 NY Slip Op 50640(U) [72 Misc 3d 131(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-495 Q C

Garo Aliksanyan, Appellant,
against
Verizon and NY State Public Service Commission, Respondents, and
Federal Communications Commission, Defendant. 

Garo Aliksanyan, appellant pro se.
Ryan Coyne, Robert Rosenthal and John Sipos of counsel, for respondent NY State Public
Service Commission.
Montfort, Healy, McGuire & Salley (Donald S. Neumann, Jr. of counsel), for respondent
Verizon.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen
A. Healy, J.), entered December 24, 2018. The order, insofar as appealed from as limited by the
brief, granted the branches of separate motions by defendants Verizon and NY State Public
Service Commission seeking summary judgment dismissing so much of the complaint as was
asserted against each of them.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In the summons with endorsed complaint, plaintiff states that he seeks to recover the
principal sum of $25,000 and declaratory relief, based on defendants' failure to provide proper
services, breach of contract, and denial of due process, among other causes of action.
Defendant Verizon moved for summary judgment dismissing so much of the complaint as
was asserted against it, noting that plaintiff had terminated his existing Lifeline-discounted
Verizon account in June 2016 and that his Lifeline discount was not automatically applied to the
new Verizon account he opened one day later, and stating that it complied with the FCC's
regulations establishing eligibility requirements for the Lifeline program when it denied
plaintiff's August 2016 Lifeline application because it was missing specific information.
Defendant NY State Public Service Commission (PSC) moved to dismiss so much of the
[*2]complaint as was asserted against it or, in the alternative, to
transfer the action to the Supreme Court, Albany County, arguing, among other things, that the
Civil Court lacked jurisdiction over plaintiff's challenges to its actions.
As limited by his brief, plaintiff appeals from so much of an order of the Civil Court
(Maureen A. Healy, J.) entered December 24, 2018 as granted the aforementioned motions,
finding, among other things, that it lacked jurisdiction either to grant the declaratory relief
plaintiff sought or to remove the action to the Supreme Court, Albany County.
The Civil Court is a court of limited jurisdiction possessing only that subject matter
jurisdiction provided by law (see NY Const art VI, § 15; see also Green v Lakeside Manor Home for
Adults, Inc., 30 Misc 3d 16, 18 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2010]; Washington v Culotta, 13
Misc 3d 18, 21 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]), and, thus, the Civil
Court correctly concluded that it lacked jurisdiction to grant the declaratory relief that plaintiff
sought against both Verizon and the PSC.
Even though plaintiff seeks a monetary judgment against the PSC, as in Aliksanyan v State of New York (180
AD3d 856, 857 [2020]), "the essential nature of his claim is one seeking to compel the PSC
to investigate and issue a determination on his complaint": that, insofar as relevant to the instant
appeal, Verizon wrongfully denied his 2016 application for participation in the Lifeline program.
Public Service Law § 97 confers primary jurisdiction on the PSC to determine complaints
concerning the rates and charges of telephone corporations, and 16 NYCRR Part 12 sets forth the
administrative procedures to be followed before the PSC. Consequently, we conclude that, since
the primary jurisdiction doctrine warrants deferral to the PSC (see Cincotta v Verizon Communication,
Inc., 55 Misc 3d 134[A], 2017 NY Slip Op 50470[U] [App Term, 1st Dept 2017];
see also Blair v NYNEX Corp., 246 AD2d 336 [1998]), the Civil Court properly granted
the PSC's motion to dismiss so much of the complaint as was asserted against it.
Plaintiff has not cited any authority for his claim that Verizon should have informed him that
the termination of his telephone service would terminate his prior Lifeline discount or would
trigger a requirement that he make a new Lifeline application for his new telephone number.
Furthermore, plaintiff has not demonstrated that Verizon violated any other duty. "In the absence
of a duty, as a matter of law, there can be no liability" for negligence (Pasternack v Laboratory Corp. of Am.
Holdings, 27 NY3d 817, 825 [2016]). We find no basis to disturb so much of the order
as granted Verizon's motion to dismiss so much of the complaint as was asserted against it.
Accordingly, the order, insofar as appealed from, is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021