Department of Hous. Preserv. & Dev. of the City of N.Y. v 457 Schenectady LLC (2024 NY Slip Op 50649(U))

[*1]

Department of Hous. Preserv. & Dev. of the City of N.Y. v 457 Schenectady LLC

2024 NY Slip Op 50649(U)

Decided on May 31, 2024

Civil Court Of The City Of New York, Kings County

Weisberg, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 31, 2024
Civil Court of the City of New York, Kings County

Department of Housing Preservation and Development of the City of New York, Petitioner,

against
457 Schenectady LLC, MARC BARRON, Respondents.

Index No. 301767/22

Michael L. Weisberg, J.

Respondent-Landlords have filed two motions by orders to show cause seeking to hold third-party Respondent Ruby Maxwell in contempt of court for failing to abide by the court's order to provide access to her apartment. For the reasons set forth below, the court declines to sign the orders to show cause.
Background
These are two actions by the Department of Housing Preservation and Development for an order directing the Respondent-Landlords to give HPD's agents access to apartment D1 in the subject building for the purpose of making emergency repairs. On Respondent-Landlords' motions, the prior judge granted leave for Respondent-Landlords to serve a third-party petition against the tenant of apartment D1, Ruby Maxwell. Respondent-Landlords then mailed by certified and regular mail a third-party petition on Maxwell, seeking an order directing her to provide "full, immediate, meaningful, and unfettered access to Landlord to repair the outstanding violations issue in the apartment." The prior judge subsequently granted Respondent-Landlords' motions for an order directing such access.
Discussion
There is no personal jurisdiction over Maxwell until she has been properly served with the third-party notice of petition and petition (see Kaplan v Kaplan, 94 AD2d 788, 788 [2d Dept 1983] [after court granted leave to join additional defendant, there was no personal jurisdiction [*2]until service of supplemental summons]).[FN1]
 Respondent-Landlords' service by certified mail and regular mail did not meet the service requirements for the third-party action. Certified mail is only permitted pursuant to the Civil Court Act § 110(m)(1) for "any of the actions or proceedings specified in subdivision (a) which are brought under the housing maintenance code of the administrative code of the city of New York [where further authorized by the Housing Maintenance Code]." Respondent-Landlords' claim for an order directing its tenant to give access to their apartment is not an action or proceeding that the Civil Court Act permits the Housing Part of the Civil Court to hear.
Additionally, neither the Housing Part of the Civil Court nor Civil Court generally has jurisdiction to hear Respondent-Landlords' claim for injunctive relief (in this case in the form of an order directing access be provided) (Double A Prop. Assoc. v Spears, 144 Misc 2d 935 [App Term, 2d Dept, 2d & 11th Jud Dists 1989]; Civil Court Act § 209). Respondent-Landlords could not have brought a stand-alone case against Maxwell in Housing Court for an order directing access. The fact that they are attempting to do so in the context of HPD's case against them for an access warrant does not yield a different result.
Conclusion
Accordingly, the court declines to sign the proposed orders to show cause.
Dated: May 31, 2024
Michael L. Weisberg, JHC

Footnotes

Footnote 1: Maxwell was served with the motion seeking leave to join her as a third-party respondent. Service of the motion, which is not required (Abreu v Casey, 157 AD3d 442, 442 [1st Dept 2018], is obviously not sufficient to obtain personal jurisdiction over her.