NEWBOLD v. CHILDS CO.

(Supreme Court, Appellate Division, First Department. December 15, 1911.)

1. NUISANCE (§ 3*)—PRIVATE NUISANCE.

Where a landowner puts his property to an unreasonable use, which results in substantial injury to adjoining property, he is guilty of creating an actionable nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4–25; Dec. Dig. § 3.*]

2. NUISANCE (§ 3*)—PRIVATE NUISANCE—ACTIONS—QUESTION OF FACT.

Whether or not a given use of land is reasonable is a question of fact, depending upon all of the surrounding circumstances.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4–25; Dec. Dig. § 3.*]

3. NUISANCE (§ 31*)—PRIVATE NUISANCE—INJUNCTIONS PENDENTE LITE.

Whether or not a landowner's use of his land constitutes a nuisance should not be determined upon a preliminary motion for an injunction, unless the plaintiff's right to relief is clear and there is a doubt as to the ability of defendant to respond in damages, and hence, before trial, it was improper to enjoin a defendant using his land in a particular way, where he was willing to change the use and was amply able to respond in damages.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 72–76; Dec. Dig. § 31.*]

Appeal from Special Term, New York County.

Action by Morris Newbold against the Childs Company. From an order granting an injunction pendente lite, defendant appeals. Order reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Joseph Diehl Fackenthal, for appellant.
John Bogart, for respondent.

SCOTT, J. Defendant appeals from an order granting an injunction pendente lite.

[1–3] The action is to enjoin the use by defendant of its own premises in such a manner as to constitute a nuisance as to plaintiff's property. The rule respecting the use of one's own premises, where it unfavorably affects adjacent premises, is well settled. If the use is reasonable, there can be no private nuisance; but if the use is unreasonable, and results in substantial injury, an actionable nuisance exists, and whether a given use is reasonable or not is a question of fact, depending on many and varied facts. McCarthy v. Natural Carbonic Gas Co., 189 N. Y. 40, 81 N. E. 549, 13 L. R. A. (N. S.) 465. That, ordinarily, is a question to be determined upon the trial, and should not be determined in advance upon a preliminary motion, unless the plaintiff's right to relief is clear and practically beyond dispute; and more especially is this true where there is no doubt suggested as to the ability of the defendant to respond in damages.

The order appealed from is in effect a mandatory injunction, requiring the defendant to make important structural changes in its build-

ing or to discontinue business altogether. By the order the litigation is in effect determined, and gives to plaintiff the same relief which he seeks to obtain by judgment. Such orders should be granted with great caution, and only under exceptional circumstances. Maloney v. Katzenstein, 135 App. Div. 224, 120 N. Y. Supp. 418. This is not such a case. The defendant has already offered to remove at its own expense all cause for complaint by a method which involves the acquiescence of plaintiff, and we are by no means satisfied that plaintiff was not unreasonable, under all the circumstances, in withholding his acquiescence. This is one of the questions which can best be answered at the trial.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.