716 F.2d 1350
 Anthony KENSELL, Plaintiff-Appellant,
v.
STATE OF OKLAHOMA; Oklahoma Department of Human Services;
the Honorable George Nigh, Governor of Oklahoma; Reginald
D. Barnes, Chairman, Oklahoma Public Welfare Commission;
Lloyd E. Rader, Director, Oklahoma Department of Human
Services; Clifford E. Burns, Executive Assistant
Coordinator; Lowell E. Green, Executive Assistant
Coordinator; Raymond Nance, Disability Insurance Unit
Program Administrator; Thurma Fiegel, M.D., Chief Medical
Consultant of Disability Insurance Unit; Peggy Ezernack,
Disability Insurance Unit Supervisor, Defendants-Appellees.
 No. 82-1361.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 13, 1983.
 
 Sylvia Marks-Barnett, Oklahoma City, Okl., for plaintiff-appellant.
 David A. Brown, Oklahoma Dept. of Human Services, Oklahoma City, Okl., for defendant-appellee Oklahoma Dept. of Social Services.
 Jan Eric Cartwright, Atty. Gen., John E. Douglas, Asst. Atty. Gen., Oklahoma City, Okl., for defendants-appellees Nigh and State of Okl.
 Before SETH, Chief Judge and LOGAN, and SEYMOUR, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff L. Anthony Kensell appeals a judgment granting a motion to dismiss his amended complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Alleging that he suffers from respiratory and cardiovascular ailments, the plaintiff brought suit under 42 U.S.C. Sec. 1983, claiming that the State of Oklahoma and various officers and employees of the State of Oklahoma violated his constitutional rights under the First, Fifth, Ninth, and Fourteenth Amendments by failing to prohibit smoking in the area where plaintiff worked at the Oklahoma Department of Human Services. He sought damages and injunctive relief.[1]
 
 
 3
 A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to recover. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). We affirm the district court's dismissal of the complaint; clearly the plaintiff could not prove that he was deprived of a federal right.
 
 
 4
 The plaintiff asserts that the defendants' failure to provide a smoke-free workplace violated his First Amendment rights because the smoke interfered with his ability to think. In support of that argument, appellant cites only Rogers v. Okin, 478 F.Supp. 1342 (D.Mass.1979), aff'd in part, rev'd in part, 634 F.2d 650 (1st Cir.1980), vacated sub nom. Mills v. Rogers, 457 U.S. 291, 102 S.Ct. 2442, 73 L.Ed.2d 16 (1982), a class action brought by patients at a Massachusetts state mental institution. Part of the relief those patients sought was an injunction against the forcible injection of psychotropic drugs. The district court held that the right to think was an aspect of the right of privacy, with its roots in the First Amendment, and that, absent an emergency, forcible injections of such drugs violated the patients' right to think. Id. at 1367.
 
 
 5
 The plaintiff also claims that by allowing smoking in his workplace the defendants assaulted him and thereby deprived him of his constitutional rights. In support he cites cases in which police and prison personnel have been held liable under section 1983 for assaults against persons in their custody. Finally, the plaintiff alleges that he was deprived of a property right in his state job because his only options were to endure cigarette smoke or quit. We note that the plaintiff still is an employee of the Department of Human Resources; thus, he has no constructive discharge claim. His contention that he must quit his job or endure the smoke is legally indistinguishable from his claim that his constitutional rights are violated by his being assaulted on the job by cigarette smoke.
 
 
 6
 The intrusions upon the plaintiff's person resulting from working with fellow servants who smoke is a far cry from forcible injections of mind altering drugs and assaults committed by police or prison officials to intimidate or punish persons in their custody. This is not a case in which governmental officers are abusing power they possess only because the government is sovereign. In essence, the plaintiff has voluntarily accepted employment in an office in which he knew or should have known other employees smoke. Upon discovering that he is allergic to smoke or that it exacerbates his health problems, instead of quitting or transferring he seeks to force his employer to install a no-smoking rule in the office or to segregate smokers from nonsmokers. The state as his employer no doubt has the power to grant his request. As sovereign, it can make exposing him to smoke a tort, see Shimp v. New Jersey Bell Telephone Co., 145 N.J.Super. 516, 368 A.2d 408 (1976), or a crime. See Okla.Stat.Ann. tit. 21, Sec. 1247. We are certain, however, that the United States Constitution does not empower the federal judiciary, upon the plaintiff's application, to impose no-smoking rules in the plaintiff's workplace. To do so would support the most extreme expectations of the critics who fear the federal judiciary as a superlegislature promulgating social change under the guise of securing constitutional rights. Accord Fed. Employees For Nonsmokers' Rights (FENSR) v. United States, 446 F.Supp. 181 (D.D.C.1978), aff'd mem., 598 F.2d 310 (D.C.Cir.1979); Gasper v. Louisiana Stadium and Exposition Dist., 418 F.Supp. 716 (E.D.La.1976), aff'd, 577 F.2d 897 (5th Cir.1978).
 
 
 7
 The plaintiff appears to have eliminated his pendent state claims when he amended his complaint. In any event, when federal claims are dismissed before trial, pendent state claims should be dismissed as well. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The trial court correctly noted that, regardless of the merits of Kensell's complaint, the Eleventh Amendment would require dismissal of the State of Oklahoma as a defendant and dismissal of the claim for damages against state officers acting in their official capacity. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)