■ WILMER A. RODRIGUEZ-NUNCI, Appellant, v CLINTON HOUSING AND DEVELOPMENT COMPANY, INC., et al., Respondents. [660 NYS2d 16] —Orders, Supreme Court, New York County (Jane Solomon, J.), entered on or about February 26, 1997, which, *inter alia,* granted defendants' motion for summary judgment dismissing plaintiff tenant's complaint except for the first cause of action for breach of lease as against defendant landlord, denied plaintiff's cross motion to hold defendants in contempt and granted defendants' motion for leave to amend their answer to include certain denials, unanimously affirmed, without costs, and the Judicial Hearing Officer (JHO) to which the contempt proceeding has been referred for a hearing and report is directed to issue a report of his findings forthwith, no later than 30 days from the date of this order.

Plaintiff, an attorney, entered into a commercial lease with defendant landlord, a not-for-profit corporation, for a storefront that plaintiff planned to use for his law practice. Under the lease the landlord was to perform any necessary structural repairs, otherwise plaintiff accepted the premises "as is". Plaintiff, upon beginning renovations, discovered that some of the floor joists had rotted and notified the individual defendants, officers and directors of the landlord, and the other corporate defendant, the landlord's managing agent. The first cause of action for breach of the lease based on defendants' failure to make the necessary structural repairs was properly dismissed as to all defendants except the landlord, the only other party to the lease, for failure to allege specifically fraud or other misconduct or that the individuals in question conducted business in their personal rather than their corporate capacities (*see, Feigen v Advance Capital Mgt. Corp.,* 150 AD2d 281, 282-283, *lv denied* 74 NY2d 874). The second cause of action purportedly for tortious interference with a number of plaintiff's contracts with entities such as Con Edison and New York Telephone was properly dismissed, the impairment to these contracts claimed by plaintiff being merely an incident of the alleged breach of the lease (*see, EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.,* 212 AD2d 570). The seventh cause of action for fraud was properly dismissed as the allegations that defendants failed to keep promises made prior to the execution of the lease relate to the breach of contract claim (*see, Delta Dallas Omega Corp. v Wair Assocs.,*

189 AD2d 701). Moreover, the record demonstrates that plaintiff viewed the premises prior to signing the lease and knew that the storefront needed renovations. The eighth cause of action alleging nuisance was properly dismissed on the ground that the placement of the garbage cans in question does not constitute a substantial unreasonable interference with plaintiff's property rights under the lease (*cf.*, *Langan v Bellinger*, 203 AD2d 857). Given the long period of time since the hearing before the JHO on plaintiff's motion to hold defendants in contempt, the JHO is hereby directed to issue his report, with due consideration of the dismissal of the complaint as against all but the landlord, forthwith, not later than 30 days from the date of this order. Concur—Rosenberger, J. P., Nardelli, Rubin, Williams and Mazzarelli, JJ.