■ BENJAMIN J. GOLUB, Appellant-Respondent, v MICHAEL SIMON et al., Respondents-Appellants. [814 NYS2d 61]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 31, 2005, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint to the extent of dismissing plaintiff's first, second, fifth, sixth and seventh causes of action, unanimously modified,

on the law, to grant defendants' motion to the further extent of dismissing plaintiff's remaining claims, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The claims premised upon purported easements for light, air and view were properly dismissed, since there is no evidence of any express agreement entitling plaintiff to such easements (*see Chatsworth Realty 344 v Hudson Waterfront Co. A*, 309 AD2d 567 [2003]). Also properly dismissed was plaintiff's claim alleging defendants' violation of the condominium bylaws. Plaintiff's perception that the condominium's bylaws had been violated by defendants, owners of a condominium unit neighboring that of plaintiff, was insufficient to give rise to a private cause of action. We modify to grant summary judgment dismissing plaintiff's remaining claims, alleging private nuisance. Plaintiff's bare allegations, that defendants' actions, in erecting a shed blocking plaintiff's view from his bathroom window, had created a private nuisance diminishing the value of plaintiff's property, were insufficient to raise a triable issue of fact (*see Rodriguez-Nunci v Clinton Hous. & Dev. Co.*, 241 AD2d 339 [1997]; *and see Seril v Bureau of Highway Operations of Dept. of Transp. of City of N.Y.*, 245 AD2d 233, 237 [1997], *lv denied* 91 NY2d 813 [1998]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Nardelli, Williams, Catterson and Malone, JJ.