OPINION OF THE COURT
Per Curiam.
Order, dated December 1, 2009, reversed, with $10 costs, motion granted and complaint dismissed. The Clerk is directed to enter judgment accordingly.
Since 2007, plaintiffs have been the owners and residents of a luxury condominium unit located at 200 Chambers Street in Manhattan, New York. Their condominium unit immediately adjoins the unit owned and occupied by their neighbors, the individual and corporate defendants. In 2009, plaintiffs commenced the instant action to recover damages for negligence and private nuisance against defendants, alleging that secondhand smoke from defendants’ “excessive smoking” “seeped in” through the walls into plaintiffs’ apartment, which condition was “exacerbated” by a building-wide ventilation or “odor migration” construction design problem. In fact, the complaint expressly stated that “[w]hile a smoking neighbor may be a mere annoyance under normal circumstances, due to the odor migration problem, secondhand smoke fills [plaintiffs’] kitchen, bedroom and living room, causing them to vacate their unit often at night” and resulting in personal injuries.
Prior to answering, defendants moved to dismiss plaintiffs’ complaint, pursuant to CPLR 3211 (a) (1), (7) and (10), on the grounds that the complaint failed to state a cause of action upon which relief could be granted, that the “documentary evidence shows that plaintiffs were prohibited from maintaining *14 the action” because the condominium’s declaration and bylaws do not prohibit smoking in the individual apartments, and that they failed to join the condominium as a necessary party to the action. Defendants also alleged that plaintiffs’ allegations of an “odor migration” problem in the building caused by a construction design defect failed to state claims for private nuisance or negligence against an individual unit owner.
Plaintiff opposed the dismissal motion, arguing, inter alia, that smoking was not expressly permitted in individual units under the condominium rules, and that, even if it was determined that smoking was permitted, causes of action for nuisance and negligence were sufficiently pleaded. Civil Court agreed with plaintiffs, and denied the motion to dismiss in its entirety. We now reverse.
Although there are significant similarities between nuisance and negligence claims, they constitute separate causes of action (see Nussbaum v Lacopo, 27 NY2d 311, 315 [1970]). The elements of a cause of action for a private nuisance are: “(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person’s property right to use and enjoy land, (5) caused by another’s conduct in acting or failure to act” (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977]; see 61 W. 62 Owners Corp. v CGM EMP LLC, 77 AD3d 330, 334 [2010], affd as mod 16 NY3d 822 [2011]). However, “not every intrusion will constitute a nuisance. ‘Persons living in organized communities must suffer some damage, annoyance and inconvenience from each other ... If one lives in the city he [or she] must expect to suffer the dirt, smoke, noisome odors and confusion incident to city life’ ” (Nussbaum v Lacopo, 27 NY2d at 315, quoting Campbell v Seaman, 63 NY 568, 577 [1876]). The relevant question is whether a defendant’s use of his or her property constitutes an unreasonable and “continuous invasion of [the plaintiffs property] rights” (Domen Holding Co. v Aranovich, 1 NY3d 117, 124 [2003]; see Golub v Simon, 28 AD3d 359, 360 [2006]; Rodriguez-Nunci v Clinton Hous. & Dev. Co., 241 AD2d 339, 340 [1997]).
Accepting plaintiffs’ allegations as true, and according them the benefit of every favorable inference, as we must do on a motion to dismiss pursuant to CPLR 3211 (a) (7) (see Zumpano v Quinn, 6 NY3d 666, 681 [2006]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that plaintiffs have failed to state a cause of action for private nuisance against their neighboring defendants. Defendants’ conduct in smoking in the privacy of *15 their own apartment was not so unreasonable in the circumstances presented as to justify the imposition of tort liability against them (see Rodriguez-Nunci v Clinton Hous. & Dev. Co., 241 AD2d at 340). Critically, defendants were not prohibited from smoking inside their apartment by any existing statute, condominium rule or bylaw. Nor was there any statute, rule or bylaw imposing upon defendants an obligation to ensure that their cigarette smoke did not drift into other residences.
Indeed, the law of private nuisance would be stretched beyond its breaking point if we were to allow a means of recovering damages when a neighbor merely smokes inside his or her own apartment in a multiple dwelling building. Since there cannot be a substantially unreasonable interference by smoking inside the apartment, there could not be a private nuisance, even if plaintiffs were to show that they had suffered some damage, annoyance and injury (see McCarty v Natural Carbonic Gas Co., 189 NY 40, 46-47 [1907]; Newgold v Childs Co., 148 App Div 153 [1911]). To the extent odors emanating from a smoker’s apartment may generally be considered annoying and uncomfortable to reasonable or ordinary persons, they are but one of the annoyances one must endure in a multiple dwelling building (see generally Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 537 [1990]; Poyck v Bryant, 13 Misc 3d 699, 700 [2006]), especially one which does not prohibit smoking building-wide (cf. Upper E. Lease Assoc., LLC v Cannon, 30 Misc 3d 1213[A], 2011 NY Slip Op 50054[U] [2011]).
While we recognize the significant health hazards to nonsmokers inherent in exposure to secondhand smoke (see Poyck v Bryant, 13 Misc 3d at 701-702; Duntley v Barr, 10 Misc 3d 206, 207 [2005]; Ezra, “Get Your Ashes Out of My Living Room!”: Controlling Tobacco Smoke in Multi-Unit Residential Housing, 54 Rutgers L Rev 135, 147-151 [2001]), in the absence of a controlling statute, bylaw or rule imposing a duty, public policy issues militate against a private cause of action under these factual circumstances for secondhand smoke infiltration (see e.g. Golub v Simon, 28 AD3d at 360 [no private cause of action for blocking view]; Herbert Paul, CPA, P.C. v 370 Lex, L.L.C., 7 Misc 3d 747, 751 [2005] [no private cause of action under Public Health Law article 13-E for smoking in public areas]; Public Health Law § 1399-q [1]; § 1399-w; cf. Duntley v Barr, 10 Misc 3d at 208-209).
In this regard, the board of managers of the subject condominium is specifically authorized to make determinations *16 regarding the operation, care, upkeep, and maintenance of the common elements in the building, and to enforce any bylaws and rules among unit owners, including the rule prohibiting one resident from interfering with the rights, comforts or conveniences of other unit owners (see Real Property Law § 339-j; Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d at 536; Pelton v 77 Park Ave. Condominium, 38 AD3d 1, 5 [2006]; Board of Mgrs. of Stewart Place Condominium v Bragato, 15 AD3d 601, 602 [2005]). Incongruously, despite plaintiffs’ repeated allegations in the complaint of the building-wide ventilation problem known to the condominium board, plaintiffs failed to fully pursue their ventilation complaints with the board, or to name the board as a necessary party to this action (see CPLR 1001 [a]; 3211 [a] [10]; Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452 [2005]).
For similar reasons, plaintiffs’ negligence claim should have also been dismissed. “To make out a prima facie case of property owner negligence, plaintiffs must show that defendant owner[s] owed a duty to plaintiff[s], defendant[s] breached such duty, and plaintiff[s’] injuries resulted from defendant [s’] breach” (Savage v Desantis, 56 AD3d 1013, 1014 [2008], lv denied 12 NY3d 709 [2009]; see Akins v Glens Falls City School Dist., 53 NY2d 325, 333 [1981]). In the absence of any duty, the negligence claim must fail (see Darby v Compagnie Natl. Air France, 96 NY2d 343, 347 [2001]). Here, since defendants did not have a duty to refrain from smoking inside their apartment or to avoid exposing their neighbor to secondhand smoke that unintentionally seeped into the neighbor’s apartment, plaintiffs’ negligence claim must fail.
In accordance with the foregoing, defendants’ motion to dismiss the complaint should have been granted, since plaintiffs have not established any basis to impose tort liability upon the neighboring defendants.
We have considered and rejected defendants’ remaining contentions as unavailing.
Shulman, J.P and Hunter, Jr., JJ. concur.