■ MICHAEL FEINSTEIN et al., Appellants, v RANDI RICKMAN et al., Respondents, et al., Defendant. [26 NYS3d 135]—

In an action, inter alia, to recover damages for negligence, fraudulent misrepresentation, private nuisance, trespass, and intentional infliction of emotional distress, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Mahon, J.), dated May 30, 2013, which, upon declining to consider their opposition papers, granted the motion of the defendants Alexander Wolf & Co., Inc., and Alhambra Condominium Board of Managers pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court entered July 29, 2013, as granted that branch of the motion of the defendants Randi Rickman and Brian Rickman which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and denied their motion pursuant to CPLR 3211 (a) to dismiss the counterclaims of the defendant Katherine Giordano.

Ordered that the appeal from the order dated May 30, 2013, is dismissed as academic, without costs or disbursements, in light of the subsequent determination in an order of the same court dated April 3, 2014, made upon renewal; and it is further,

Ordered that the order entered July 29, 2013, is modified, on the law, by deleting the provision thereof denying the plaintiffs' motion pursuant to CPLR 3211 (a) to dismiss the counterclaims

of the defendant Katherine Giordano, and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs are the owners and residents of a condominium unit located in Oceanside. Alleging that the secondhand smoke from their adjacent neighbor's unit was entering their unit and causing them injury, they commenced this action, inter alia, to recover damages for private nuisance, trespass, and intentional infliction of emotional distress against their neighbors, the defendants Randi Rickman and Brian Rickman. The complaint also alleged causes of action sounding in fraudulent misrepresentation against a real estate agent, the defendant Katherine Giordano, and her employer. The complaint also asserted a negligence cause of action against the management company of the condominium, the defendant Alexander Wolf & Co., Inc. (hereinafter Wolf), and the condominium homeowners association, the defendant Alhambra Condominium Board of Managers (hereinafter the Board), for failing to remedy the alleged secondhand smoke infiltration. Prior to answering, the Board and Wolf moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. In her answer to the complaint, Giordano counterclaimed, inter alia, to recover damages for malicious prosecution and intentional infliction of emotional distress. The plaintiffs moved pursuant to CPLR 3211 (a) to dismiss these counterclaims.

In the order appealed from dated May 30, 2013, the Supreme Court declined to consider the plaintiffs' opposition papers and granted the motion of Wolf and the Board to dismiss the complaint insofar as asserted against them as unopposed, without reaching the merits. In a subsequent order dated April 3, 2014, the Supreme Court, upon renewal, considered the plaintiffs' opposition papers and granted the motion of Wolf and the Board to dismiss on the merits.

The Rickmans also subsequently moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and the plaintiffs additionally moved pursuant to CPLR 3211 (a) to dismiss the counterclaims asserted by Giordano against them. In an order entered July 29, 2013, the Supreme Court granted the Rickmans' motion and denied the plaintiffs' motion. The plaintiffs also appeal from this order.

With regard to the order entered July 29, 2013, the Supreme Court properly granted the Rickmans' motion to dismiss the complaint insofar as asserted against them. The Rickmans succeeded in establishing that the complaint failed to state a vi-

able cause of action against them, since their "conduct in smoking in the privacy of their own apartment was not so unreasonable in the circumstances presented as to justify the imposition of tort liability against them" (*Ewen v Maccherone*, 32 Misc 3d 12, 14-15 [App Term, 1st Dept 2011]; *see generally Zimmerman v Carmack*, 292 AD2d 601, 601-602 [2002]; *McNeary v Niagara Mohawk Power Corp.*, 286 AD2d 522, 525 [2001]; *Bell v Slepakoff*, 224 AD2d 567, 568 [1996]).

However, the Supreme Court erred in denying the plaintiffs' motion to dismiss the counterclaims of Giordano, who failed to allege any material facts giving rise to cognizable claims to recover damages for malicious prosecution, intentional infliction of emotional distress, or other causes of action (*see generally Fischer v Maloney*, 43 NY2d 553, 557 [1978]; *Alexander v Scott*, 286 AD2d 692, 693 [2001]; *Realty By Frank Kay v Majestic Farms Supply*, 160 AD2d 789, 790 [1990]). Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.