2016 OK CIV APP 83

**Ariel NUNCIO, individually and as father and next friend of Sherel Nuncio, a minor, Plaintiff/Appellant,**

v.

**ROCK KNOLL TOWNHOME VILLAGE, INC., an Oklahoma corporation; Bill McGraw, individually and as President of Rock Knoll Townhome Village, Inc.; Ronald Plato; John Plato; Moriah Plato; Mildred Plato; and Does 1-10, Defendants/Appellees.**

**Case Number: 114,370**

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided: 05/13/2016

Mandate Issued: 12/30/2016

Rehearing Denied 07/07/2016

Ariel Nuncio, Oklahoma City, Oklahoma, Pro Se.

David L. Nunn, Edmond, Oklahoma, for Defendants/Appellees Rock Knoll Townhome Village, Inc., and Bill McGraw.

Bart A. Chancellor, Maurice G. Woods, II, McAtee & Woods, P.C., Oklahoma City,

Oklahoma, for Defendants/Appellees, Ronald Plato, John Plato, Moriah Plato and Mildred Plato.

Opinion by Kenneth L. Buettner, Vice-Chief Judge and Presiding Judge:

¶1 Plaintiff/Appellant Ariel Nuncio, individually and as father and next friend of Sherel Nuncio, a minor, appeals an order dismissing his First Amended Petition for failure to state a claim against Defendants/Appellees Rock Knoll Townhome Village, Inc. (Village), Bill McGraw, Ronald Plato, John Plato, Moriah Plato, and Mildred Plato (collectively, Defendants). Nuncio sued Village, its president and his adjacent neighbors for private nuisance, negligence and breach of contract arising out of the neighbors' smoking in their home, including its patio and garage. Village's rules and regulations did not impose any contractual duty to protect a tenant from another resident smoking tobacco in his private home. No Oklahoma law declares smoking in a private home to be unlawful and therefore Nuncio cannot show the neighbors' smoking is a nuisance. Nuncio can show no set of facts entitling him to relief on his claims under Oklahoma law and we affirm.

¶2 In his July 24, 2015 First Amended Petition, Nuncio averred that he lives with his child in a Village condo owned by his mother and the Platos own and occupy the adjacent unit. Nuncio alleged that the Platos smoke in their home, including in the garage and patio areas, and that he is therefore forced to keep the windows and doors of his unit closed to prevent exposure to secondhand smoke. Nuncio asserted Village governs the common areas of the 56 unit condo complex pursuant to rules and regulations and an amended declaration of covenants, conditions, and restrictions. Nuncio asserted that possession of lighted tobacco has been declared a public nuisance and danger to public health in 21 O.S.2011 § 1247.

¶3 Nuncio asserted causes of action for nuisance, breach of contract, negligence, gross negligence, and negligence per se.[1] Nuncio asserted all Defendants breached duties to him by failing to enforce the Village rule that no occupant shall disrupt the peace, quiet and freedom of any other resident; by allowing tobacco smoke to traverse the common areas and migrate to Nuncio's unit and to make physical contact with Nuncio's person; by causing Nuncio emotional distress through emissions of tobacco smoke; by failing to prevent tobacco smoke from entering the windows and doors of Nuncio's unit; and by failing to prevent or remediate their emissions of tobacco smoke near his unit. Nuncio asserted the doctrine of *res ipsa loquitor* applied, claiming his injuries would not have occurred without all Defendants' negligence. For his negligence per se claim, Nuncio asserted all Defendants violated 76 O.S.2011 § 1; 76 O.S.2011 § 5(a); [21] O.S.2011 § 22; 50 O.S.2011 § 1; 21 O.S.2011 § 119[1]; and 21 O.S.2011 § 1760.[2] Nuncio asserted all Defen-

---

1. Nuncio did not specifically identify a cause of action for breach of contract, but the allegations in his First Amended Petition show a claim that Defendants breached Village's rules and regulations or CCRs. In his negligence claim, Nuncio listed 16 alleged duties the Defendants breached: a) duty to prevent injury to others by a dangerous condition created by the individual; b) duty to exercise reasonable care to avoid a foreseeable risk of injury to others; c) duty to take affirmative action to avoid increasing the danger from a condition at least partially created by the individual; d) duty to use ordinary care to protect others from peril when the peril is under the individual's control; e) duty to use reasonable care at all times to prevent airborne pollution and toxic waste; f) as to the Platos only, duty to be responsible for all acts occurring inside their unit, whether or not they are reasonably foreseeable; g) duty to ensure the Platos' use of their unit does not cause or contribute to a nuisance or

contamination, including emissions; h) duty to not depreciate neighboring properties' interest; i) Platos' duty to conduct lease with reasonable care; j) duty to neighbors to minimize the impact of the Platos' smoking; k) duty to use ordinary care to maintain the Platos' unit in a safe condition by inspecting for and warning of any defect; l) as to Platos, duty to install and use clear air technology in their unit; m) as to Platos, duty to keep their unit in a safe condition; n) duty to abstain from injuring the person or property of another or infringing on any of his rights; o) duty to exercise ordinary care in the management of property or person; and p) duty to perform the contract (Village's rules and regulations) with care, skill, reasonable experience, and faithfulness.

2. Those statutes provide:

dants were liable for creating a private nuisance by causing or failing to prevent the emission of tobacco smoke which migrated across common areas and invaded Nuncio's property. Nuncio averred numerous types of damages he suffered as a result of the Platos' smoking.

¶ 4 The Platos filed their Motion to Dismiss for failure to state a claim in August 2015. They asserted that Nuncio had not cited any authority prohibiting Village homeowners or lessees from smoking in their own homes, garages or patios. The Platos asserted Village's rules and regulations do not prohibit smoking. The Platos further averred they had found no law, statute, regulation, or ordinance in Oklahoma prohibiting smoking in a private residence. They contended Nuncio therefore was asking the court to impose a new duty. The Platos contended that because smoking in a private home was not illegal or prohibited, then Nuncio could show no set of facts entitling him to relief on his claims.

¶ 5 Village and McGraw also filed a Motion to Dismiss for failure to state a claim. They asserted they had no control over the Platos' smoking in their private home. They asserted Nuncio could not amend his petition to show a claim for relief. Nuncio filed a response to the motions to dismiss and the Defendants filed replies.

¶ 6 The trial court dismissed Nuncio's First Amended Petition for failure to state a claim in an order filed September 18, 2015. Nuncio appeals. We review *de novo* an order dismissing for failure to state a claim, taking all allegations in Nuncio's petition as true. *Gens v. Casady School,* 2008 OK 5, ¶ 8, 177 P.3d 565.

The function of a motion to dismiss is to test the law of the claims, not the facts supporting them. No dismissal for failure

Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights. 76 O.S.2011 § 1.
(a) Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself, and except as hereinafter provided. 76 O.S.2011 § 5(a) (Oklahoma's "Good Samaritan Act").
Every person who willfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages public decency, including but not limited to urination in a public place, and is injurious to public morals, although no punishment is expressly prescribed therefor by this code, is guilty of a misdemeanor. 21 O.S.2011 § 22. Although Nuncio cited 15 O.S.2011 § 22, the text he quoted is 21 O.S.2011 § 22.
A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:
First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or
Second. Offends decency; or
Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; or
Fourth. In any way renders other persons insecure in life, or in the use of property, provided, this section shall not apply to preexisting agricultural activities. 50 O.S.2011 § 1.
Every person who maintains or commits any public nuisance, the punishment for which is not otherwise prescribed, or who willfully omits to perform any legal duty relating to the removal of a public nuisance, is guilty of a misdemeanor. 21 O.S.2011 § 1191. Nuncio cited to 21 O.S. 2011 119 but quoted the text of 21 O.S.2011 1191.
A. Every person who maliciously injures, defaces or destroys any real or personal property not his or her own, in cases other than such as are specified in Section 1761 et seq. of this title, is guilty of:
1. A misdemeanor, if the damage, defacement or destruction causes a loss which has an aggregate value of less than One Thousand Dollars ($ 1,000.00);
2. A felony, if the damage, defacement or destruction causes a loss which has an aggregate value of One Thousand Dollars ($ 1,000.00) or more; or
3. A felony, if the defendant has two or more prior convictions for an offense under this section, notwithstanding the value of loss caused by the damage, defacement or destruction.
B. In addition to any other punishment prescribed by law for violations of subsection A of this section, he or she is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property or public officer having charge thereof. 21 O.S.2011 § 1760.

to state a claim upon which relief may be granted should be allowed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle relief.... Dismissal is appropriate only for lack of any cognizable legal theory to support the claim or for insufficient facts under a cognizable theory..... The movant bears the substantial burden of demonstrating any insufficiency.

*Id.* (footnotes omitted). In this case, our *de novo* review shows that even taking all Nuncio's allegations as true, he has failed to state a claim for relief under Oklahoma law.

¶ 7 We first address Nuncio's negligence claim. The essential elements of a negligence claim are a duty owed by the defendant to protect the plaintiff from the injury alleged, a breach of the duty, and injury to the plaintiff proximately caused thereby. *Fargo v. Hays–Kuehn*, 2015 OK 56, ¶ 13, 352 P.3d 1223. Nuncio has not asserted Village has any rule against smoking in private units. Although Oklahoma statutes prohibit smoking in certain public places, the Legislature has not yet limited a person's right to smoke in his or her own home. Indeed, the Oklahoma Smoking in Public Places and Indoor Workplaces Act expressly states:

A. Except as specifically provided in the Smoking in Public Places and Indoor Workplaces Act, no person shall smoke in a public place, ....

D. *A private residence is not a "public place" within the meaning of the Smoking in Public Places and Indoor Workplaces Act* except that areas in a private residence that are used as a licensed child care facility during hours of operation are "public places" within the meaning of the Smoking in Public Places and Indoor Workplaces Act.

63 O.S.2011 § 1–1523(D) (emphasis added). Nuncio has not alleged that the Platos' home was used as a licensed child care facility. Because the Platos "did not have a duty to refrain from smoking inside their apartment or to avoid exposing their neighbor to secondhand smoke that unintentionally seeped into the neighbor's apartment, [Nuncio's] negligence claim must fail." See *Ewen v.*

*Maccherone*, 32 Misc.3d 12, 927 N.Y.S.2d 274 (2011). Oklahoma law does not support a cause of action for negligence for smoking in a private home that is not a licensed day care facility. The trial court properly dismissed Nuncio's negligence claim. Similarly, we find none of the statutes cited by Nuncio in his negligence per se claim is violated by smoking in a private home that is not a licensed day care facility and therefore Nuncio can prove no set of facts entitling him to relief under negligence per se.

¶ 8 We next consider Nuncio's claim for nuisance. As quoted above, in note 2, "(a) nuisance consists in *unlawfully* doing an act, or omitting to perform a duty...." 50 O.S.2011 § 1 (emphasis added). For an act or omission to be a nuisance in Oklahoma, it must be unlawful. Nuncio relies on the following statutory language to support his claim that smoking in a private home is unlawful and a nuisance:

A. The possession of lighted tobacco in any form is a public nuisance and dangerous to public health and is hereby prohibited *when such possession is in any indoor place used by or open to the public,* ...

21 O.S.2011 § 1247(A) (emphasis added). Again, this statute expressly limits its application to smoking tobacco in any indoor place used by or open to the public. Nuncio has not made any allegation that the Platos' home is used by or open to the public. Accordingly, their possession of lighted tobacco in their home is not a public or private nuisance and is not unlawful. In his Opposition to Defendants' Motion to Dismiss, Nuncio concedes that "the Platos' smoking, though lawful in and of itself, does in fact create an unreasonable and substantial obstruction and injury to the rights of (Nuncio)." Smoking tobacco in a private home, in the absence of a condo rule prohibiting such smoking, is not unlawful conduct and cannot support a claim for nuisance as a matter of law. Nor can Nuncio show a breach of contract where there was no covenant, code, or restriction barring smoking in private units in Village.

¶ 9 We agree with Defendants that no published Oklahoma decision has addressed claims arising out of smoke migrating from a neighbor's use of tobacco in his home. Other

states which have addressed these claims have almost uniformly found no right to relief. See *Feinstein v. Rickman*, 136 A.D.3d 863, 26 N.Y.S.3d 135 (2016); *Schuman v. Greenbelt Homes, Inc.*, 212 Md.App. 451, 69 A.3d 512 (2013); *America v. Sunspray Condominium Ass'n*, 61 A.3d 1249, 2013 ME 19; *Boffoli v. Orton*, 155 Wash.App. 1031, 2010 WL 1533397 (2010, unpublished); and *DeNardo v. Corneloup*, 163 P.3d 956 (Alaska 2007). Whether to limit smoking in private homes is a matter for the legislature. As noted above, the Oklahoma Legislature has expressed strong policy against smoking in *public places*. But this court may not limit the right to smoke in a private home in the absence of legislation barring such private conduct. In a case preceding legislation against smoking in public places, the Tenth Circuit Court of Appeals recognized that the judiciary may not create laws on smoking:

> We are certain, however, that the United States Constitution does not empower the federal judiciary, upon the plaintiff's application, to impose no-smoking rules in the plaintiff's workplace. To do so would support the most extreme expectations of the critics who fear the federal judiciary as a superlegislature promulgating social change under the guise of securing constitutional rights.

*Kensell v. State of Oklahoma*, 716 F.2d 1350 (10th Cir.1983) (there plaintiff sued his employer, the state, for failing to provide a smoke-free workplace, alleging it interfered with his ability to think.) As explained above, Oklahoma law bars smoking tobacco in public places, but it does not bar it in private homes. Nuncio has not shown any authority supporting a claim that Village is liable for smoke migrating from the Platos' private home into the common areas, into Nuncio's outdoor patio area, or into Nuncio's open windows.

¶10 Taking Nuncio's allegations as true, he has not shown a claim for relief under Oklahoma law. Accordingly, the order dismissing his petition is AFFIRMED.

MITCHELL, J., and GOREE, J., concur.