■ BURGER KING CORPORATION, Respondent, v 111 CEDAR STREET COMPANY, Appellant.*—Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 10,

* As amended by unpublished order entered May 14, 1992.

1991, which granted plaintiff's motion for a preliminary injunction enjoining defendant from taking any further steps to terminate the tenancy of plaintiff as lessee and which denied defendant's cross-motion to dismiss the complaint seeking declaratory judgment, unanimously modified, on the law, to the extent of vacating the provision extending the plaintiff's time to cure to 20 days after the entry of a final judgment and, except as thus modified, affirmed, without costs.

We are in agreement with the IAS court that plaintiff has adduced sufficient evidence to demonstrate the likelihood of success on the merits. In addition to whether the defendant landlord was aware of preexisting conditions of defect and disrepair, there is a serious question as to whether the areas at issue are within the demised premises for which plaintiff was responsible. Consequently, the equitable principles of injunctive relief, including, but not limited to, estoppel, were properly invoked *(cf., Metzger Co. v Fay,* 4 AD2d 436).

We further note that plaintiff's time to cure the claimed defaults expired on April 20, 1991 and that the Notice of Termination, by its terms, purportedly terminated the lease, effective May 1, 1991, and that all of these dates were prior to the issuance of the temporary restraining order (the *Yellowstone* injunction) on June 25, 1991.

Neither the Supreme Court nor the Appellate Division has the power to revive the lease *(First Natl. Stores v Yellowstone Shopping Center,* 21 NY2d 630, 637). Any claim of "fraud, mutual mistake or other acceptable basis of reformation" is, of course, a matter for the trial court *(supra,* at 637). Concur— Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.