■ Manhattan Parking System-Service Corp., Respondent, v Murray House Owners Corp., Appellant. [621 NYS2d 68]

—Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 18, 1993, which, *inter alia,* granted plaintiff tenant's motion for a preliminary injunction pursuant to CPLR 6301 and denied defendant landlord's cross motion for summary judgment, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting plaintiff injunctive relief pursuant to *First Natl. Stores v Yellowstone Shopping Ctr.* (21 NY2d 630), rather than pursuant to CPLR 6301, and limiting the scope of the relief granted in the fourth decretal paragraph enjoining termination of the lease to the grounds of default set forth in defendant's notice to cure, and otherwise affirmed, without costs; appeal from order, same court and Justice, entered on or about November 22, 1993, which denied defendant's motion to resettle or modify the prior order, unanimously dismissed as academic, without costs.

There is no merit to defendant's argument that the action is unnecessary because the issues raised can be resolved in Civil Court in the context of a summary proceeding. That court lacks the jurisdiction to grant plaintiff the affirmative relief of mandating defendant's cooperation in obtaining the amendments to the certificate of occupancy that plaintiff needs *(see, DeCastro v Bhokari,* 201 AD2d 382, 383, citing *Hotel New Yorker Pharmacy v New Yorker Hotel Corp.,* 40 AD2d 967).

We find that plaintiff timely commenced taking the necessary steps to obtain an amendment of the certificate of occupancy by contacting an expediter to assist in processing the application to the Department of Buildings, and therefore should have, under the terms of the cure provision contained in the lease, been granted a *Yellowstone* injunction. In reaching this conclusion, we note our disagreement with the practice. of granting preliminary injunctive relief pursuant to CPLR 6301 when *Yellowstone* relief is unavailable because of the untimeliness of the application, and disavow our previous holding to the contrary *(see, Burger King Corp. v 111 Cedar St. Co.,* 182 AD2d 399 *[modfg* Sup Ct, NY County, Tompkins, J.]; *but cf., 233 E. 86th St. Corp. v Park E. Apts.,* 131 Misc 2d 242, 244 [Tompkins, J.], *affd* 123 AD2d 536 [default not capable of being cured]).

Moreover, while the IAS Court may have correctly determined that its order accurately reflected its decision, the relief granted exceeded the scope of plaintiff's pleading. In both the body of its complaint and in its accompanying order to show

cause, plaintiff sought only to enjoin defendant from taking any steps to terminate the lease "based on the allegations contained in the Notice to Cure", although in the ad damnum the request did not limit such relief to the notice. The relief, as granted, is overbroad since it may be construed as enjoining defendant from seeking termination of plaintiff's lease based upon grounds not set forth in the notice to cure, or even ones arising after its service. Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.