■ TRUMP VILLAGE SECTION 3, INC., Respondent, v RICHARD SINROD et al., Appellants. [631 NYS2d 188] —In an action, *inter alia,* for a judgment declaring that the plaintiff has the power to "promulgate, enact and enforce the rules and regulations and the Occupancy Agreement set forth in [the] complaint", the defendants appeal from (1) so much of an order of the Supreme Court, Kings County (Lodato, J.), dated August 21, 1987, as denied their cross motion for summary judgment dismissing the complaint, (2) so much of an order of the same court (Spodek, J.), dated April 5, 1990, as denied their motion

to dismiss the action on the ground, *inter alia,* that it was commenced in an improper forum, (3) a memorandum decision of the same court (G. Aronin, J.), dated July 9, 1992, which, after a nonjury trial, directed the entry of a judgment in favor of the plaintiff and against them, and (4) an order and judgment (one paper) of the same court (G. Aronin, J.), dated December 23, 1992, which is in favor of the plaintiff and against them, among other things, declaring that "the plaintiff has the power to promulgate, enact and enforce the provisions of its Rules and Regulations * * * and Occupancy Agreement * * * prohibiting the keeping or haboring of dogs".

Ordered that the appeals from the orders dated August 21, 1987, and April 5, 1990, are dismissed; and it is further,

Ordered that the appeal from the decision dated July 9, 1992, is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is affirmed, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In July 1983, the defendants, who had resided in their cooperative apartment since 1970, began harboring a pet dog in their apartment. In January 1984 the plaintiff, the cooperative corporation which owns the building, brought this action for a judgment declaring that it has a right to enforce the no-pet policy contained in its Occupancy Agreement, By-Laws, and Rules and Regulations, and for a permanent injunction restraining and enjoining the defendants from violating the no-pet policy. The defendants contended, *inter alia,* that they had kept the dog openly and notoriously for more than three months with the knowledge of the plaintiff and/or its agents, and that pursuant to the Administrative Code of the City of New York § 27-2009.1 (former § D26-10.10), commonly known as the Pet Law, the plaintiff had waived its right to enforce the no-pet policy against them.

After a nonjury trial, the court held that the defendants had failed to establish that their possession of the dog in the apartment had been open and notorious and to the knowledge of the plaintiff and/or its agents.

We find, contrary to the defendants' contentions, that this action was properly commenced in the Supreme Court. The plaintiff commenced this action for both a declaratory judgment and a permanent injunction. Since the New York City Civil Court cannot grant the injunctive relief sought by the plaintiff, the action was properly commenced in the Supreme Court (see, CCA 209 [b]; *Manhattan Parking Sys.-Serv. Corp. v Murray House Owners Corp.*, 211 AD2d 534; *DeCastro v Bhokari*, 201 AD2d 382; *Hotel New Yorker Pharmacy v New Yorker Hotel Corp.*, 40 AD2d 967).

We also find that the defendants failed to prove by a preponderance of the evidence that they had harbored the dog openly and notoriously for a period of more than three months. Rosenblatt, J. P., Altman and Hart, JJ., concur.

Friedmann, J., dissents and votes to reverse the order and judgment appealed from, vacate so much of the order dated April 5, 1990, as denied the defendants' motion to dismiss the complaint, vacate so much of the order dated August 21, 1987, as denied the defendants' cross motion for summary judgment, and to dismiss the complaint, with the following memorandum: The defendants established at trial, by a preponderance of the evidence, that they had harbored a dog openly and notoriously for a period of more than three months. In consequence, according to the provisions of the "Pet Law" (Administrative Code of City of NY § 27-2009.1 [formerly § D26-10.10]), the plaintiff by its inaction effectively waived the anti-pet provision in the Occupancy Agreement and the cooperative's Rules and Regulations.

The defendant Leah Sinrod testified that she and her husband acquired their dog, Coco, in early July 1983. For the next seven months the Sinrods walked Coco three or four times every day. In so doing, they would conduct the dog from their 18th floor apartment to the elevator; take the elevator to the lobby; and, once in the lobby, make two left turns, traverse a hallway and exit by a back door. After crossing the cooperative's parking lot, the Sinrods would promenade their dog on Ocean Parkway. The distance from the elevator to the rear exit was some 35 feet, and en route the defendants had to pass a maintenance/compactor room, the door to which was sometimes open. Not infrequently when the defendants were walking their dog they would encounter the plaintiff's porters, maintenance workers, and security guards, at least one of whom used to pet Coco. According to the plaintiff's employees John Byron and Jamie Rodriguez, porters and maintenance workers were supposed to report all irregularities on the

premises to the superintendent, and it was the job of the superintendent, as well as of the security officers, to enforce the no-pet policy on behalf of management. Altogether the plaintiff employed some 60 persons, including fifteen security guards, two or three of whom were always on duty.

The plaintiff's position was simply that it did not become aware of the dog's presence in the defendants' apartment until January 24, 1984, so that its institution of this action on January 28, 1984, was therefore timely. It neither disputed the defendants' contention that they publicly paraded their pet through and around the building several times a day, nor did it attempt to explain how, under these circumstances, the animal managed to escape its attention for some seven months.

Given this evidence, I believe that to hold that the defendants had not harbored the dog openly and notoriously for more than three months to the knowledge of the plaintiff and/or its agents would impose an insurmountable burden on tenants and would defeat the purpose of the Pet Law (see, e.g., Matter of Robinson v City of New York, 152 Misc 2d 1007). There is no suggestion on the part of the plaintiff that the dog was noisy or in any other way constituted a nuisance as a separate ground for removing the dog from the premises. Accordingly, I would vote to reverse the order and judgment and dismiss the complaint.