■ NORTH WATERSIDE REDEVELOPMENT COMPANY, L.P., Appellant-Respondent, v JUDITH FEBBRARO, Respondent-Appellant. [682 NYS2d 202] —Order, Supreme Court, New York County (Paula Omansky, J.), entered September 10, 1997, which denied plaintiff's motion for summary judgment and dismissed the action without prejudice, and did not grant defendant's motion for attorneys' fees, unanimously modified, on the law, to the extent of reinstating the complaint, and otherwise affirmed, without costs.

The IAS Court dismissed without prejudice plaintiff's complaint seeking declaratory and injunctive relief relating to defendant-tenant's violation of the no-pet provision of her lease, finding that the appropriate course for plaintiff to pursue was to bring a proceeding in Civil Court for possession of tenant's apartment. In reaching its decision, the court cited at length from *Cox v J.D. Realty Assocs.* (217 AD2d 179), where this Court stated "[i]n the absence of any showing that Civil Court is unable to afford complete relief to plaintiffs, there is no basis for the application to Supreme Court for declaratory and equitable relief" (*supra,* at 183). The IAS Court here reasoned that because the "net result is the same" regardless of where the action was pursued—i.e., in either court, defendant will have to choose between her apartment and her dog—the action could

just as well be resolved in Civil Court and "a Supreme Court order is not required." We find to the contrary that plaintiff was entitled to bring this action in Supreme Court and therefore reinstate the complaint.

As discussed in *Cox*, Civil Court is generally the preferred forum for landlord-tenant disputes. In *Cox*, the parties' dispute was over succession rights and possession of the premises, issues that clearly can be decided by Civil Court. In the instant case, however, Civil Court cannot afford "complete relief" to plaintiff, which seeks equitable relief available only in Supreme Court; the limited injunctive and restraining authority of Civil Court does not extend to the matter in dispute (*see,* CCA 203 [o]).

Indeed, the circumstances of the instant matter are almost identical to those of *Trump Vil. Section 3 v Sinrod* (219 AD2d 590), where plaintiff-landlord sought both a declaratory judgment and an injunction regarding a tenant's violation of a no-pet clause. The Second Department concluded that "[s]ince the New York City Civil Court cannot grant the injunctive relief sought by the plaintiff, the action was properly commenced in the Supreme Court" (219 AD2d, *supra,* at 592), and this reasoning is equally applicable in the matter before us. While defendant dismisses *Trump Vil.* as having "no authority" in this Court, we note that the language excerpted above is followed by a citation to three cases from this Court: *Manhattan Parking Sys.-Serv. Corp. v Murray House Owners Corp.* (211 AD2d 534); *DeCastro v Bhokari* (201 AD2d 382); and *Hotel New Yorker Pharmacy v New Yorker Hotel Corp.* (40 AD2d 967).

We further note that, while it is of course not dispositive, the lease provision at issue specifies that the landlord may seek precisely the remedy it sought in Supreme Court. In addition, the Administrative Code of the City of New York expressly provides a landlord with the option of pursuing an "action to enforce a lease provision prohibiting the keeping of * * * pets" (§ 27-2009.1 [b]). While defendant now claims in this Court that the no-pet provision is unenforceable as a contract of adhesion, we find this argument to be without merit (*see, e.g., Gillman v Chase Manhattan Bank,* 73 NY2d 1, 10).

Finally, with respect to defendant's claim that she was entitled to attorneys' fees because she had successfully defended the declaratory judgment action, such fees are appropriate only when a court's decision constitutes the ultimate outcome of the matter (*see, e.g., Centennial Restorations Co. v Wyatt,* 248 AD2d 193, 197). This was clearly not the case here, where the IAS Court dismissed the complaint without preju-

dice and in the expectation that the landlord would pursue its claims in Civil Court. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.