OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, by order entered October 16, 2008, insofar as appealed from, the Civil Court denied plaintiffs motion for summary judgment and granted defendant’s cross motion “to the extent that plaintiff shall. . . respon[d] to defendant’s discovery requests on the subject of corporate status and/or other issues not precluded by defendant’s failure to timely deny the subject claims . . . [and] plaintiff must produce witnesses who have not appeared for depositions in response- to defendant’s demands.” The instant appeal by plaintiff ensued.
In opposition to plaintiffs motion and in support of its cross motion to, among other things, compel discovery, defendant established that while facts may exist that are essential to justify the denial of plaintiffs summary judgment motion, defendant was unable to set forth sufficient facts to establish one of its defenses, to wit, plaintiffs alleged fraudulent incorporation (see Insurance Department Regulations [11 NYCRR] § 65-3.16 [a] [12]; State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]), since such information was within plaintiffs possession and plaintiff had not complied with defendant’s discovery demands therefor (see CPLR 3212 [f]). As plaintiff failed to *91 challenge the propriety of defendant’s discovery demands, the Civil Court should have granted defendant’s cross motion to compel plaintiff to provide the information sought in defendant’s interrogatories and notice for discovery and inspection with the exception of requests which were palpably improper or which sought information or documents which were privileged (see Fausto v City of New York, 17 AD3d 520 [2005]; Midwood Acupuncture, P.C. v State Farm Fire & Cas. Co., 21 Misc 3d 144[A], 2008 NY Slip Op 52468[U] [App Term, 2d & 11th Jud Dists 2008]; Great Wall Acupuncture v State Farm Mut. Auto. Ins. Co., 20 Misc 3d 136[A], 2008 NY Slip Op 51529[U] [App Term, 2d & 11th Jud Dists 2008]). Defendant is also entitled to examinations before trial (see CPLR 3101 [a]; Sharma Med. Servs., P.C. v Progressive Cas. Ins. Co., 24 Misc 3d 139[A], 2009 NY Slip Op 51591[U] [App Term, 2d, 11th & 13th Jud Dists 2009]; Midwood Acupuncture, P.C. v State Farm Fire & Cas. Co., 21 Misc 3d 144[A], 2008 NY Slip Op 52468[U] [2008]; Great Wall Acupuncture v State Farm Mut. Auto. Ins. Co., 20 Misc 3d 136[A], 2008 NY Slip Op 51529[U] [2008]).
Furthermore, there is no merit to plaintiffs contention that the Civil Court lacks subject matter jurisdiction to address a defense predicated upon Mallela because it would amount to a declaratory judgment over which only the Supreme Court has jurisdiction pursuant to CPLR 3001. Defendant is clearly not seeking a declaratory judgment. Rather, defendant seeks a determination as to whether plaintiff established its prima facie entitlement to summary judgment. In any event, the Civil Court would have subject matter jurisdiction in a declaratory judgment involving an obligation of an insurer in which the underlying amount sought to be recovered did not exceed $25,000 (see Rivera v Buck, 25 Misc 3d 27 [App Term, 2d, 11th & 13th Jud Dists 2009]).
Plaintiffs remaining contentions are either unpreserved for appellate review or lack merit. Accordingly, the order, insofar as appealed from, is affirmed.
Golia, J.P, Weston and Rios, JJ., concur.