■ VILLAGE CENTER FOR CARE, Appellant, v SLIGO REALTY AND SERVICE CORP., Respondent. [936 NYS2d 538]—

Although the subject lease provides for a 10-day cure period, it also provides for an unspecified longer period to cure defaults not capable of complete cure within 10 days, upon condition that the tenant commence curing within the 10-day period and thereafter proceed with good faith and diligence.

Here, tenant demonstrated that its defaults, which included failure to obtain waivers and approvals from city agencies, were not capable of cure within 10 days and defendant landlord failed to offer any opposing evidence. The tenant commenced to cure the violations within the stated 10-day period and it continued in good faith to undertake efforts to cure by hiring an expediter once apprised that the documentation was insufficient (*see Manhattan Parking Sys.-Serv. Corp. v Murray House Owners Corp.*, 211 AD2d 534 [1995]; *compare KB Gallery, LLC v 875 W. 181 Owners Corp.*, 76 AD3d 909 [2010]). Since the applicable cure period under the express terms of the lease had not ended, landlord's notice of termination was premature and invalid for the purpose of barring tenant from applying for *Yellowstone* relief (*see Empire State Bldg. Assoc. v Trump Empire State Partners*, 245 AD2d 225, 229 [1997]). Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ.