[7 NYS3d 819]

133 Plus 24 Sanford Ave. Realty Corp., Appellant, v Xiu Lan Ni, Respondent.

Supreme Court, Appellate Term, Second Department,
2d, 11th and 13th Judicial Districts, February 23, 2015

---

## APPEARANCES OF COUNSEL

*Horing Welikson & Rosen P.C.*, Williston Park (*Richard T. Walsh* of counsel), for appellant.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order, insofar as appealed from, is modified by striking the various determinations with respect to the rights of the parties; as so modified, the order, insofar as appealed from, is affirmed, without costs.

In this commercial holdover proceeding, landlord and tenant, Xiu Lan Ni, entered into a stipulation of settlement dated July 2, 2009, wherein tenant agreed to (1) install gas, sewer and water meters, (2) obtain a certificate of occupancy for the premises, and (3) pay landlord $100,000 in two $50,000 installments. The stipulation of settlement further provided that once the water and gas meters were installed, the average cost, calculated over the next six-month period, would be used to calculate the average amount owed to landlord for these services. In November 2010, landlord moved for, among other things, the entry of a final judgment of possession and the issuance of a warrant of eviction based on tenant's failure to comply with the stipulation of settlement. After a hearing, the Civil Court denied landlord's motion and made the following determinations with respect to the rights of the parties:

> "2. The payments made to date by Respondent-Tenant, including the $100,000.00 payment made in two equal installments on July 6, 2009 and July 16, 2009, are in full satisfaction of all sums due to the Petitioner-Landlord, and of all claims of said Petitioner-Landlord to date, including claims for reimbursement based upon Respondent's average gas and water usage from September 2005.
>
> "3. The existing lease shall remain in full force and effect until the termination date of October 31, 2015.
>
> "4. Respondent-Tenant shall be relieved of their

obligation to pay Petitioner-Landlord the amount of Three Thousand and 00/100 Dollars ($3,000.00) monthly which was in addition to their monthly rent, and meant to cover all water, gas and hot water usage. To that effect, all prospective water bills shall be presented by Petitioner-Landlord to Respondent-Tenant monthly via written copy of said bill attached to the statement of rent due, or Petitioner-Landlord shall arrange to have the bill sent directly by the DEP to Respondent-Tenant. Additionally, all gas and electric bills shall be paid by Respondent-Tenant directly as per its present account.

"5. Petitioner-Landlord shall allow for access to the basement so that Respondent-Tenant may have installed a gas fired hot water heater within 30 days hereof, or forfeit any right to future reimbursement for charges related to same."

"6. The Respondent-Tenant shall be obligated to procure a Certificate of Occupancy only when the Petitioner-Landlord removes and resolves all currently existing violations on the building."

The law requires strict construction of language in written instruments that could work a forfeiture (*Lerner v Johnson*, 167 AD2d 372, 375 [1990]). Here, there was no provision in the stipulation which provided for the entry of a final judgment based upon a default under the stipulation. In the absence of such a provision, landlord is not entitled to a final judgment of possession based upon a breach of the stipulation (*see Chuang v Quezada*, 6 Misc 3d 1023[A], 2005 NY Slip Op 50166[U] [Civ Ct, Kings County 2005]; *cf. Spring Close, LLC v Players Rest. Group Inc.*, 7 Misc 3d 130[A], 2005 NY Slip Op 50539[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).

"It is well settled that injunctive relief is generally not available in a summary proceeding brought in the Civil Court" (*Waxman v Patabbe, Inc.*, 42 Misc 3d 142[A], 2014 NY Slip Op 50221[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; *see North Waterside Redevelopment Co. v Febbraro*, 256 AD2d 261 [1998]; *Hotel New Yorker Pharmacy v New Yorker Hotel Corp.*, 40 AD2d 967 [1972]). "Except for proceedings for the enforcement of housing standards (CCA 110 [a] [4]; 203 [o]) and applications for certain provisional remedies (CCA 209 [b]), the New York City Civil Court may not grant injunctive relief" (*Topaz Realty Corp. v Morales*, 9 Misc 3d 27, 28 [App

Term, 2d Dept, 2d & 11th Jud Dists 2005] [internal quotation marks omitted]; *see also Green v Lakeside Manor Home for Adults, Inc.,* 30 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; *Jiskra v Canesper,* 21 Misc 3d 129[A], 2008 NY Slip Op 51968[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; *cf. 952 Assoc., LLC v Palmer,* 52 AD3d 236 [2008]). Here, the order directed tenant to procure a certificate of occupancy after landlord removes and resolves all current existing violations, and provided that landlord shall allow tenant access to the basement for the installation of a gas-fired hot water heater, and that landlord shall present the monthly New York City Department of Environmental Protection (DEP) bill to tenant or to arrange to have these bills sent directly to tenant from DEP. The court was without authority to grant such relief (*see also Goldstein v Stephens,* 118 Misc 2d 614 [App Term, 1st Dept 1983]).

In addition, the Supreme Court generally has jurisdiction over declaratory judgment actions (*see* CPLR 3001; *Suarez v El Daro Realty,* 156 AD2d 356, 358 [1989]), and the limited declaratory judgment authority granted to the Civil Court pursuant to CCA 212-a is inapplicable to this case (*see Green,* 30 Misc 3d at 18). Thus, the Civil Court's determination as to the amounts due and as to the continuation of the lease, which determination was not part of a final judgment, must be stricken.

Accordingly, the order, insofar as appealed from, is modified by striking the court's various determinations with respect to the rights of the parties.

PESCE, P.J., WESTON and ELLIOT, JJ., concur.