Fresh Acupuncture, P.C., as Assignee of Leroy Yolette, Appellant, Advanced Wellness Chiropractic, P.C., and Maximum Care Physical Therapy, P.C., as Assignees of Leroy Yolette, Plaintiffs,
against
Interboro Insurance Company, Respondent.




Law Offices of Melissa Betancourt, P.C. (Melissa Betancourt, Esq.), for appellant.
Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered May 13, 2015. The order, insofar as appealed from and as limited by the brief, upon a cross motion by plaintiffs for summary judgment, in effect, sua sponte searched the record and granted defendant partial summary judgment dismissing so much of the complaint as was asserted by plaintiff Fresh Acupuncture, P.C.




ORDERED that, on the court's own motion, defendant's notice of appeal is treated as an application for leave to appeal from so much of the Civil Court's order as, in effect, sua sponte searched the record and granted defendant partial summary judgment dismissing so much of the complaint as was asserted by plaintiff Fresh Acupuncture, P.C., and leave to appeal from that portion of the order is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and so much of the order as, in effect, sua sponte searched the record and granted defendant partial summary judgment dismissing so much of the complaint as was asserted by plaintiff Fresh Acupuncture, P.C. is vacated.
In this action, commenced on April 12, 2013 by three providers to recover assigned first-party no-fault benefits, defendant interposed an answer, which asserted, among other things, that the action is barred by the doctrine of res judicata. Thereafter, defendant moved for partial summary judgment dismissing so much of the complaint as was asserted by plaintiffs Advanced Wellness Chiropractic, P.C. and Maximum Care Physical Therapy, P.C. upon grounds not at issue here. Plaintiffs opposed the motion and cross-moved for summary judgment in favor of all three plaintiffs. In opposition to plaintiffs' cross motion and in further support of defendant's motion, defendant's attorney submitted an affirmation in which he argued that, on the basis of an order in a declaratory judgment action in the Civil Court, New York County, entered October 6, 2014 upon the default of plaintiff Fresh Acupuncture, P.C. (Fresh Acupuncture), Fresh Acupuncture is not entitled to receive no-fault benefits for the accident at issue on the ground of the failure by Fresh Acupuncture to appear for scheduled examinations under oath. Fresh Acupuncture appeals from so much of an order of the Civil Court as, upon plaintiffs' cross motion for summary judgment, in effect, sua sponte searched the record and granted defendant partial summary judgment dismissing so much of the complaint as was asserted by Fresh Acupuncture.
Insofar as is relevant here, CCA 212-a provides:
"The [Civil Court] shall have the jurisdiction defined in section 3001 of the CPLR to make a declaratory judgment with respect to:
(a) any controversy involving the obligation of an insurer to indemnify or defend a defendant in an action in which the amount sought to be recovered does not exceed $25,000."
The Civil Court, New York County, declaratory judgment action was an action by an insurer against a provider and did not involve a "controversy involving the obligation of an insurer to indemnify or defend a defendant in an action in which the amount sought to be recovered does not exceed $25,000." Thus, the Civil Court, New York County, lacked subject matter jurisdiction to entertain the declaratory judgment action (see CPLR 3001; see generally 133 Plus 24 Sanford Ave. Realty Corp. v Xiu Lan Ni, 47 Misc 3d 55, 58 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). To the extent that this court's decision in Five Boro Psychological Servs., P.C. v AutoOne Ins. Co. (27 Misc 3d 89 [2010]) may have held to the contrary, it should not be followed.
Accordingly, the order, insofar as appealed from, is reversed, and so much of the order as, in effect, sua sponte searched the record and granted defendant partial summary judgment dismissing so much of the complaint as was asserted by plaintiff Fresh Acupuncture, P.C. is vacated.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2017