Wallkill Affordable Senior Housing, LP, Respondent,
against
Theodore Powell, Appellant. 




Legal Services of the Hudson Valley (Shara Abraham and Barbara Finkelstein of counsel), for appellant.
Bonacic & McMahon, LLP (James V. Galvin of counsel), for respondent.

Appeal from a final judgment of the Justice Court of the Town of Wallkill, Orange County (Patrick S. Owen, J.), entered February 22, 2019. The final judgment, upon a decision of that court, after a hearing, finding that tenant had violated a stipulation of settlement, awarded landlord possession in a holdover summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Justice Court for all further proceedings. 
In a so-ordered stipulation settling this holdover proceeding, tenant agreed, among other things, that he would abide by the terms of his lease, which included a prohibition of allowing unauthorized guests to live in his rent-subsidized apartment, and that his guests' actions would be attributed to tenant. The parties agreed that, in the event of an alleged default of the stipulation, landlord could serve tenant with a notice of default, and the "matter shall be restored to the Court's calendar and scheduled for a hearing before the Court on the next available date." The parties also agreed that the case would be "suspended for six months . . . and thereafter," so long as tenant complied with the terms of the agreement. Landlord served tenant with a notice of default, the case [*2]was restored to the court's calendar, and a hearing was held. After the hearing, the Justice Court found that tenant had violated the stipulation, and, on February 22, 2019, entered a final judgment awarding possession to landlord. 
The record supports the Justice Court's finding that tenant violated the stipulation. While much of the superintendent's testimony at the hearing was based on inadmissible hearsay, such as statements that had been made by the police, nevertheless, the superintendent had sufficient personal knowledge of the actions of tenant's guest inside the apartment with respect to a bathtub flooding incident and, having been familiar with tenant's other guest from previous visits, the consequences of an altercation in the lobby between that guest and another person. Moreover, tenant failed to present any exculpatory evidence, or, indeed, any evidence at all. 
Notwithstanding the foregoing, a final judgment should not have been entered. The law requires strict construction of language in written instruments that could work a forfeiture (see Lerner v Johnson, 167 AD2d 372, 375 [1990]). Where there is no provision in a stipulation settling a holdover proceeding which provides for the entry of a final judgment based upon a default under the stipulation, the landlord is not entitled to a final judgment of possession in the event of a breach of the stipulation (see Gloria Homes Apts. LP v Wilson, 47 Misc 3d 142[A], 2015 NY Slip Op 50665[U] [App Term, 1stDept 2015]; 133 Plus 24 Sanford Ave. Realty Corp. v Xiu Lan Ni, 47 Misc 3d 55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Here, the stipulation did not contain an explicit provision which entitled landlord to a final judgment of possession upon a breach of the stipulation, only that "the matter shall be restored to the Court's calendar and scheduled for a hearing before the Court on the next available date" and that upon tenant's failure to comply with the stipulation, the proceeding would no longer be suspended.
Accordingly, the final judgment is reversed and the matter is remitted to the Justice Court for all further proceedings.
TOLBERT, J.P., GARGUILO and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2020