Jamaica Seven, LLC, Appellant,
against
Luis G. Villa, Jr., Individually as Distributees of the Estate of Zoraida Orozco, Respondent, et al., Occupants. 

Horing, Welikson & Rosen P.C. (Niles C. Welikson of counsel), for appellant.
Catholic Migration Services (Thomas Power and Andrew Lehrer of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Joel R. Kullas, J.), entered July 17, 2018. The order, insofar as appealed from, upon reargument, adhered to the determination in a prior order of that court dated February 28, 2018 which (1) granted the branches of a motion by occupant Luis G. Villa, Jr., seeking summary judgment dismissing the petition on the ground that occupant is entitled to succession rights as a first successor and to direct landlord to offer occupant a rent-stabilized renewal lease without a vacancy increase, and (2) denied landlord's cross motion for summary judgment, in a licensee summary proceeding.
ORDERED that the order entered July 17, 2018, insofar as appealed from, is modified by deleting the provisions thereof which, upon reargument, adhered to so much of the order dated February 28, 2018 as granted the branches of the motion by occupant Luis G. Villa, Jr. seeking summary judgment dismissing the petition on the ground that occupant is entitled to succession rights as a first successor and to direct landlord to offer occupant a rent-stabilized renewal lease without a vacancy increase and substituting therefor provisions (a) granting the branch of the motion by occupant Luis G. Villa, Jr. seeking summary judgment dismissing the petition for [*2]failure to state a cause of action, and (b) dismissing the branch of occupant's motion seeking to direct landlord to offer occupant a renewal lease without a vacancy increase; as so modified, the order, insofar as appealed from, is affirmed, without costs.
After the death of their mother, Luis G. Villa, Jr. (occupant) and his sister asserted succession rights and requested that landlord provide them with a renewal lease. Landlord acknowledged that occupant and his sister had succession rights and offered occupant and his sister a lease based upon such rights; however, the rent provided for in the lease was at a vacancy rate, rather than a renewal rate. When occupant and his sister refused to sign the lease tendered by landlord, landlord served a 10-day notice to quit and commenced this licensee summary proceeding (RPAPL 713 [7]) upon a bare allegation that occupant and his sister were licensees whose license had expired upon their mother's death. Occupant's answer and subsequent motion for summary judgment sought dismissal of the petition, including on the grounds that occupant had succession rights and that the licensee petition failed to state a cause of action because landlord had previously not disputed occupant's succession rights. Occupant's motion also sought an order directing landlord to offer occupant a renewal lease without a vacancy increase.
In opposition to the motion, landlord asserted that it was entitled to offer a renewal lease with a vacancy increase because occupant and his sister were second successors pursuant to Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-512 (f), as occupant's mother had previously obtained succession rights to the apartment from her mother. Landlord also cross-moved for summary judgment.
In an order dated February 28, 2018, the Civil Court, among other things, granted the branches of occupant's motion seeking summary judgment on the ground that occupant has succession rights as a first successor and to direct landlord to issue a renewal lease without a vacancy increase. Landlord appeals from so much of an order of the Civil Court entered July 17, 2018 as, upon reargument, adhered to the February 28, 2018 determination.
Insofar as relevant to this appeal, this licensee summary proceeding is predicated upon a claim that occupant's license to occupy the premises terminated upon his mother's death. However, inasmuch as occupant has succession rights, as landlord has acknowledged, his license to occupy the premises did not expire upon his mother's death. Thus, this licensee proceeding does not lie and the branch of occupant's motion seeking to dismiss the petition for failure to state a cause of action should have been granted.
Moreover, even if a licensee proceeding was the appropriate proceeding for landlord to commence, the petition is in any event defective. A petition must state the ultimate facts upon which the proceeding is based, and a petition which contains material omissions is subject to dismissal (see RPAPL 741; Migliaccio v Childs, 65 Misc 3d 131[A], 2019 NY Slip Op 51575[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Brookwood Coram I, LLC v Oliva, 47 Misc 3d 140[A], 2015 NY Slip Op 50607[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Here, the petition contains material omissions regarding the facts that landlord had offered occupant and his sister a renewal lease and that it had acknowledged their claim to succession [*3]rights when it had offered the lease. As landlord states in its reply brief on appeal, "the entire basis of this holdover is whether [occupant] is a first or second successor tenant allowing [landlord] to take a vacancy increase on its proffered lease." Inasmuch as the petition omits these material allegations regarding the ultimate facts and makes only a bare allegation that occupant and his sister are licensees, the petition fails to state the facts upon which the petition is based and must be dismissed on that basis as well (see Migliaccio, 65 Misc 3d 131[A], 2019 NY Slip Op 51575[U]; Brookwood Coram I, LLC, 47 Misc 3d 140[A], 2015 NY Slip Op 50607[U]; Cintron v Pandis, 34 Misc 3d 152[A], 2012 NY Slip Op 50309[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; Joseph M. d'Assern Hous. Corp. v Day, 24 Misc 3d 132[A], 2009 NY Slip Op 51377[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). 
The branch of occupant's motion seeking to direct landlord to offer occupant a renewal lease without a vacancy increase must be dismissed, as the Civil Court lacks jurisdiction to grant that branch of the motion, which seeks injunctive relief (see North Waterside Redevelopment Co. v Febbraro, 256 AD2d 261 [1998]; 133 Plus 24 Sanford Ave. Realty Corp. v Xiu Lan Ni, 47 Misc 3d 55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see also Parker v Howard Ave. Realty, 56 Misc 3d 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), and the issue of whether occupant is a first or second successor should not have been reached.
Accordingly, the order entered July 17, 2018, insofar as appealed from, is modified by deleting the provisions thereof which, upon reargument, adhered to so much of the order dated February 28, 2018 as granted the branches of the motion by occupant Luis G. Villa, Jr. seeking summary judgment dismissing the petition on the ground that occupant is entitled to succession rights as a first successor and to direct landlord to offer occupant a rent-stabilized renewal lease without a vacancy increase and substituting therefor provisions (a) granting the branch of the motion by occupant Luis G. Villa, Jr. seeking summary judgment dismissing the petition for failure to state a cause of action, and (b) dismissing the branch of occupant's motion seeking to direct landlord to offer occupant a renewal lease without a vacancy increase.
ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 29, 2020