Priceman Family, LLC v Kerrigan (2020 NY Slip Op 51546(U))

[*1]

Priceman Family, LLC v Kerrigan

2020 NY Slip Op 51546(U) [70 Misc 3d 131(A)]

Decided on December 23, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-1350 K C

Priceman Family, LLC, Doing Business as
Shore Ridge Associates, Appellant,
against
Patrick J. Kerrigan and Adrianne Kerrigan, Respondents, et al.,
Undertenants. 

Mark S. Friedlander, Esq., for appellant.
Fishman Law, PC (James B. Fishman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marcia J.
Sikowitz, J.), dated May 9, 2018. The order granted the branch of tenants' motion seeking
summary judgment dismissing the petition in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
In this holdover proceeding to recover possession of a rent-stabilized apartment on the
ground that tenants had created and were continuing to create a nuisance by smoking cigarettes
inside their apartment, landlord appeals from an order of the Civil Court which granted the
branch of tenants' motion seeking summary judgment dismissing the petition.
Rent Stabilization Code (RSC) (9 NYCRR) § 2524.3 (b) provides for a tenant's eviction
where "[t]he tenant is committing or permitting a nuisance in such housing accommodation or
the building containing such housing accommodation." "A nuisance is a condition that threatens
the comfort and safety of others in the building" (Frank v Park Summit Realty Corp., 175
AD2d 33, 35 [1991], mod on other grounds 79 NY2d 789 [1991] [citations omitted]; see Giga Greenpoint Realty, LLC v
Mounier, 61 Misc 3d 135[A], 2018 NY Slip Op 51510[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2018]). "To constitute a nuisance, the tenant's use of property 'must
interfere with a person's interest in the use and enjoyment of land,' which 'encompasses the
pleasure and comfort derived from the occupancy of land and the freedom from annoyance' " (Giga Greenpoint Realty, LLC v
Mounier, 61 Misc 3d 135[A], 2018 NY Slip Op 51510[U], *1, quoting Domen Holding Co. v Aranovich, 1
NY3d 117, 123-124 [2003]). "However, not every annoyance will constitute a nuisance"
(Domen Holding Co. v Aranovich, 1 NY3d at 124 [citation omitted]). Rather, "[p]ersons
living in organized communities must suffer some damage, annoyance and inconvenience from
each other. If one lives in the city he [or she] [*2]must expect to
suffer the dirt, smoke, noisome odors and confusion incident to city life" (Nussbaum v
Lacopo, 27 NY2d 311, 315 [1970] [internal quotation marks, ellipsis and citation omitted];
see Ewen v Maccherone, 32 Misc
3d 12, 14 [App Term, 1st Dept 2011]). We find that the record establishes, as a matter of
law, that tenants' "conduct in smoking in the privacy of their own apartment was not so
unreasonable in the circumstances presented" as to constitute a nuisance (Feinstein v Rickman, 136 AD3d
863, 865 [2016] [internal quotation marks and citation omitted]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2020