24-25 27th St., LLC v Zaman (2020 NY Slip Op 51547(U))

[*1]

24-25 27th St., LLC v Zaman

2020 NY Slip Op 51547(U) [70 Misc 3d 131(A)]

Decided on December 23, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-1477 Q C

24-25 27th Street, LLC, Respondent,
against
Syed A. Zaman, Appellant, John Doe and Jane Doe, Undertenants.

Anderson, Bowman & Zalewski, PLLC (Matthew J. Routh of counsel), for appellant.
Hertz, Cherson & Rosenthal, P.C. (David I. Paul of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Queens County
(John S. Lansden, J.), entered March 20, 2018. The final judgment, after a nonjury trial, awarded
landlord possession and dismissed tenant's counterclaims in a holdover summary
proceeding.

ORDERED that the final judgment is reversed, without costs, the petition is dismissed, the
counterclaim seeking to recover for rent overcharge is reinstated and the matter is remitted to the
Civil Court for all further proceedings on that counterclaim.
In this holdover proceeding, the petition alleges that the apartment at issue is not subject to
rent stabilization because it had been deregulated by high-rent vacancy deregulation. In his
answer, insofar as is relevant to this appeal, tenant asserted that the apartment is subject to rent
stabilization and counterclaimed to recover for rent overcharge and for an order directing
landlord to provide a rent-stabilized lease.
Tenant claims that the legal regulated rent surpassed the high-rent vacancy threshold in effect
at the relevant time (see Rent Stabilization Law of 1969 [RSL] [Administrative Code of
City of NY] former § 26-504.2 [a]) only because, between 1996 and 2001, the former
landlord created a series of fake tenancies and fraudulently applied a vacancy increase for each
such fictitious new tenancy. After considering the testimony and evidence submitted at trial, the
Civil Court found that the apartment was not unlawfully deregulated. The court dismissed
tenant's counterclaims and awarded landlord possession.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
[*2](see Northern Westchester Professional Park Assoc. v
Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116, 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824,
826 [2008]). Upon a review of the record, we find that the apartment was unlawfully deregulated.
The basis for the deregulation was a series of vacancy increases the former landlord allegedly
imposed every year between 1996 and 2001. However, there is ample testimony and
documentary evidence that supports tenant's claim that tenant's brother-in-law, Syed Nazmul
Hassan, resided in the apartment from 1992 to 2014. Moreover, Hassan testified that he does not
know any of the six individuals that landlord, in effect, claims were the tenants of record of the
former landlord from 1996 to 2001, and that none of them resided in the subject apartment
during the relevant years.
Since the trial evidence shows that the subject apartment was improperly removed from rent
stabilization, the petition, which alleged that the subject apartment is not subject to rent
stabilization because it had been high-rent deregulated, must be dismissed. We remit the matter
to the Civil Court to decide tenant's counterclaim for rent overcharge. We do not reinstate
tenant's counterclaim for an order directing landlord to provide a rent-stabilized lease, as the
Civil Court lacks jurisdiction to grant such injunctive relief (see North Waterside
Redevelopment Co. v Febbraro, 256 AD2d 261 [1998]; 133 Plus 24 Sanford Ave. Realty Corp. v Xiu Lan Ni, 47 Misc 3d
55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the final judgment is reversed, the petition is dismissed, the counterclaim
seeking to recover for rent overcharge is reinstated and the matter is remitted to the Civil Court
for all further proceedings on that counterclaim.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2020