24-25 27th St., LLC v Zaman (2022 NY Slip Op 50938(U))

[*1]

24-25 27th St., LLC v Zaman

2022 NY Slip Op 50938(U) [76 Misc 3d 135(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2021-460 Q C

24-25 27th Street, LLC, Appellant,
against
Syed A. Zaman, Respondent, John Doe and Jane Doe, Undertenants.

Hertz, Cherson & Rosenthal, P.C. (David Troupp of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP (Matthew J. Routh and Dustin
Bowman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (John S.
Lansden, J.), entered July 21, 2021. The order, insofar as appealed from as limited by the brief,
upon the court's review, pursuant to CPLR 409 (b), of the papers submitted by the parties,
awarded tenant the sum of $50,025 on his counterclaim for rent overcharge in a holdover
summary proceeding, using the registered rent for 1995 as the base date rent. The order also
stated that, pursuant to Rent Stabilization Code (9 NYCRR) § 2526.1 (e), tenant could
choose between the entry of a judgment or an offset against future rent in that amount.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and the
matter is remitted to the Civil Court for a trial to determine the base date rent and for a
calculation of rent overcharged in accordance with this decision and order, and, following such
trial, for the entry of a final judgment dismissing the petition and, in accordance with that
determination, on the counterclaim.
In this holdover proceeding to recover possession of the subject apartment after the
expiration of a one-year lease, the petition, dated September 1, 2016, alleged that the apartment
was not subject to rent stabilization because it had been deregulated by high-rent vacancy
deregulation. In his answer, dated October 24, 2016, tenant, insofar as is relevant to this appeal,
counterclaimed to recover for rent overcharge, asserting that the deregulation of the apartment
[*2]had been unlawful. The Civil Court found that the apartment
had not been unlawfully deregulated, dismissed tenant's counterclaim, and awarded landlord
possession. On appeal, this court, by decision and order dated December 23, 2020 (24-25 27th St., LLC v Zaman, 70 Misc
3d 131[A], 2020 NY Slip Op 51547[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2020]), held that the apartment had been unlawfully deregulated, finding:
"The basis for the deregulation was a series of vacancy increases the former
landlord allegedly imposed every year between 1996 and 2001. However, there is ample
testimony and documentary evidence that supports tenant's claim that tenant's brother-in law,
Syed Nazmul Hassan, resided in the apartment from 1992 to 2014. Moreover, Hassan testified
that he does not know any of the six individuals that landlord, in effect, claims were the tenants
of record of the former landlord from 1996 to 2001, and that none of them resided in the subject
apartment during the relevant years."
Thus, this court reversed the final
judgment, dismissed the petition, reinstated tenant's rent-overcharge counterclaim, and remitted
the matter to the Civil Court for all further proceedings on the counterclaim (id.). 
Following the remittal, the Civil Court, upon a review of the parties' submissions pursuant to
CPLR 409 (b), awarded tenant the sum of $50,025, consisting of a rent overcharge of $16,675
plus treble damages. The Civil Court reasoned that the base date rent was the registered rent for
1995 "because the Appellate Term decided that it was the last legal registered rent for the subject
apartment." Pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2526.1 (e), the Civil
Court gave tenant the choice of recovering the award as a judgment or as an offset against his
future rent, and tenant chose the offset method. On appeal, landlord challenges the Civil Court's
use of the registered rent for 1995 as the base date rent.
As this court has previously determined that the subject apartment had been unlawfully
deregulated pursuant to a fraudulent scheme by the prior landlord to create fictitious new
tenancies (24-25 27th St., LLC, 2020 NY Slip Op 51547[U]), the default formula must be
utilized to set the base date rent (see
Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community
Renewal, 35 NY3d 332, 355 [2020]; Matter of Grimm v State of NY Div. of Hous. & Community Renewal
Off. of Rent Admin., 15 NY3d 358, 367 [2010]). The default formula "uses the lowest
rent charged for a rent-stabilized apartment with the same number of rooms in the same building
on the relevant base date" (Thornton v
Baron, 5 NY3d 175, 180 n 1 [2005]; see Matter of Regina Metro. Co., LLC, 35
NY3d at 354-355), which is four years before initiation of the overcharge claim (see
former CPLR 213-a; Matter of
Regina Metro. Co., LLC, 35 NY3d 332). Contrary to the determination of the Civil
Court, "review of rental history outside the four-year lookback period [is] permitted . . . solely to
ascertain whether fraud occurred—not to furnish evidence for calculation of the base date
rent or permit recovery for years of overcharges barred by the statute of limitations" (Matter
of Regina Metro. Co., LLC, 35 NY3d at 355). Here, the overcharge claim was first asserted
in tenant's October 2016 answer, so the relevant base date is four years earlier in 2012. Thus, "the
lowest rent charged for a rent-stabilized apartment with the same number of rooms in the same
building" in October 2012 is the base date rent for the purpose of calculating the award to tenant
(Thornton, 5 NY3d at 180 n 1).
We note that there was no basis for the Civil Court to give tenant the option to collect his
award by an offset. There is no money judgment in landlord's favor against which to offset
tenant's award and the court relied upon a regulation that does not apply. RSC § 2526.1 (e)
provides that "[a] tenant may recover any overcharge penalty established by the [Division of
Housing and Community Renewal (DHCR)] by deducting it from the rent due to the present
owner at a rate not in excess of 20 percent of the amount of the penalty for any one month's rent."
The regulation authorizes the DHCR, not the Civil Court, to award an overcharge penalty in the
form of an offset against a tenant's future rent. Thus, the trial ordered in this decision and order
must conclude with the entry of a final judgment dismissing the petition and on the
counterclaim.
Accordingly, the order, insofar as appealed from, is reversed and the matter is remitted to the
Civil Court for a trial to determine the base date rent and for a calculation of rent overcharged in
accordance with this decision and order, and, following such trial, for the entry of a final
judgment dismissing the petition and, in accordance with that determination, on the counterclaim
in accordance therewith.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022