DOV Land USA, LLC v Hickman (2026 NY Slip Op 50208(U))

[*1]

DOV Land USA, LLC v Hickman

2026 NY Slip Op 50208(U)

Decided on February 13, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2026
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2024-1295 K C

DOV Land USA, LLC, Respondent,
againstRobert Hickman, Appellant, "John Doe" and "Jane Doe," Undertenants. 

Ween & Kozek, PLLC (Michael P. Kozek of counsel), for appellant.
Kucker Marino Winiarsky & Bittens, LLP (Joseph S. Goldsmith of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Jill R. Epstein, J.), dated November 25, 2024, deemed from a final judgment of that court entered November 25, 2024 (see CPLR 5512 [a]). The final judgment, upon the decision, after a nonjury trial, awarded landlord possession and implicitly dismissed occupant's counterclaim in a squatter summary proceeding.

ORDERED that the final judgment is modified by vacating so much thereof as awarded landlord possession and by providing that the petition is dismissed; as so modified, the final judgment is affirmed, without costs, and the matter is remitted to the Civil Court for the entry of an amended final judgment in accordance with this decision and order.
Petitioner commenced this summary proceeding in April 2023 to recover possession of storage space located off a public hallway in the building in which occupant lives in a rent-stabilized apartment, alleging that occupant entered into possession of the storage space as a squatter, without landlord's permission (see RPAPL 713 [3]). In an amended answer, occupant asserted, among other things, that provision of the storage space was a required service because it had been allowed when the building was covered under Article 7-C of the Multiple Dwelling Law, also known as the Loft Law, before the apartment was converted so as to be covered by the Rent Stabilization Code (RSC) in 2016. Occupant also interposed a counterclaim to compel landlord to provide an initial rent-stabilized lease for the residential space he occupies in the building.
At a nonjury trial, landlord's principal testified that he has been to the public hallway where the storage space is located more than 100 times. It was undisputed that the space occupies at least 200 square feet. The court admitted into evidence a January 4, 2007 order from a prior Civil Court, Kings County, holdover proceeding between the parties in which landlord also sought possession of the storage space. The order dismissed the prior proceeding because it was commenced in the Housing Part, and the court found that it did not have jurisdiction over a proceeding seeking possession of nonresidential storage space. Occupant testified that he had been in possession of the space since 1993 with the permission of the prior landlord. The court admitted into evidence occupant's photographs of the storage space after the space was flooded in 2008. Occupant regained possession of the space after it had been repaired following the flood. Admitted into evidence was an order from the Loft Board, dated June 16, 2016, providing initial legal regulated rents for the building and directing landlord to provide residential leases subject to the rules of rent stabilization.
Following the trial, the Civil Court (Jill R. Epstein, J.), without addressing occupant's claim that the provision of the storage space was a required service, found that landlord was entitled to possession. A final judgment was entered on November 25, 2024 awarding landlord possession and implicitly dismissing occupant's counterclaim. A warrant of eviction was subsequently executed.
Landlords are required to maintain services that were required to be maintained on the base date of rent stabilization coverage following conversion from Loft Board coverage, which, in this case, was the effective date of the initial rent established by the Loft Board (see RSC [9 NYCRR] §§ 2520.6 [r] [1]; 2520.6 [r] [4] [ix]). Required services under the Loft Law include those services supplied by mutual agreement, even in the absence of, or contrary to, specific lease provisions (see Matter of Leonard St. Props. Group, Ltd. v New York State Div. of Hous. & Community Renewal, 178 AD3d 92 [2019]).
Here, the evidence at trial indicates that occupant had been in possession of the storage space for at least 10 years before his residential apartment was converted from coverage under the Loft Law to coverage under rent stabilization. Landlord knew that occupant was in possession of the space during that 10-year period, and had even repaired the space for him after it was flooded. Consequently, landlord implicitly acquiesced to the use of the storage space when it was covered by the Loft Law, making the provision of the storage space a required service under rent stabilization. Landlord's argument that the loss of storage space would constitute a de minimis rent reduction is inapposite, as this proceeding concerns right to possession, not the value of the space.
Occupant's counterclaim to compel landlord to provide an initial rent-stabilized lease was properly dismissed, as the sole subject of this proceeding was the storage space, not residential space and, in any event, the Civil Court lacks jurisdiction to grant such injunctive relief (see North Waterside Redevelopment Co. v Febbraro, 256 AD2d 261 [1998]; 24-25 27th St., LLC v Zaman, 70 Misc 3d 131[A], 2020 NY Slip Op 51547[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; 133 Plus 24 Sanford Ave. Realty Corp. v Xiu Lan Ni, 47 Misc 3d 55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the final judgment is modified by vacating so much thereof as awarded landlord possession and by providing that the petition is dismissed, and the matter is remitted to [*2]the Civil Court for the entry of an amended final judgment in accordance with this decision and order.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: February 13, 2026